## MITCHELL vs. TURNER ET AL.

[ACTION ON SHERIFF'S OFFICIAL BOND.]

1. *Action at law between co-sureties on official bond.*—One of the sureties on a sheriff's official bond cannot maintain an action at law on the bond, against the other sureties, for their principal's default.

2. *What is good plea in bar.*—That the plaintiff is one of the obligors on the bond which is the foundation of the suit, is properly pleaded in bar, and not in abatement.

APPEAL from the Circuit Court of Tallapoosa.
Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by William M. A. Mitchell, against Green L. Turner, Simon B. Smith, James T. Shackleford, William Paige, and Wyatt H. Whatley, as the sureties on the official bond of Hugh Lockett, deceased, late sheriff of said county. The complaint averred the execution of the bond, set out the condition, and alleged, as a breach thereof, the collection of money by two of the sheriff's deputies, under process on a judgment in favor of the plaintiff, and their failure to pay it over to him on demand. The defendants craved oyer of the bond and condition, (which were thereupon set out,) and pleaded in bar, that the plaintiff was one of the joint makers and obligors of said bond, and equally liable with them for any breach of the same, and was the identical W. M. A. Mitchell whose name was signed to said bond. The plaintiff demurred to this plea, "because the same is no answer to the complaint, and because it does not present a valid defense to the action, and because it is insufficient in law." The court overruled the demurrer, and the plaintiff was thereby compelled to take a nonsuit, with a bill of exceptions; and he now assigns as error the ruling of the court on the demurrer.

J. FALKNER, for appellant.—1. Under the provisions of the Code, joint bonds, covenants, and promises in writing,

are declared several, as well as joint ; and the plaintiff may, at his election, sue one, several, or all.—Code, §§ 2143, 2149, 2154, 118, 130, 131. The sureties on official bonds have no right of action against each other, until they have actually paid off the liability ; and if they could not support a suit until payment, they could not set up the right by way of plea.—Code, § 143.

2. If the matter of the plea was available at all, it could only be by plea in abatement.—*Boswell v. Morton*, 20 Ala. 235 ; *Henderson v. Hammond*, 19 Ala. 340.

BROCK & BARNES, *contra*, cited *Chandler v. Shehan*, 7 Ala. 251 ; *Tindal v. Bright*, Minor, 103 ; *Ramsey v. Johnson*, Minor, 418 ; *Mainwaring v. Newman*, 2 Bos. & P. 120.

R. W. WALKER, J.—The English rule is, that a person cannot be plaintiff in an action against others, on a contract made by those others jointly with him.—*Mainwaring v. Newman*, 2 Bos. & Pull. 120 ; *Moffatt v. Von Mullingen*, 2 Chitty's Rep. 539 ; 3 Rob. Pr. 301. Without at this time committing ourselves to this rule, in the broad terms in which it is here stated, we are satisfied that one of the sureties on a sheriff's bond cannot maintain an action at law on such bond against his co-sureties. The plaintiff, being co-surety with the defendants, and bound equally with them to make good the sheriff's default, cannot recover the whole amount of them. The loss must be apportioned among the sureties, and this a court of law is incompetent to do.—See *Tindall v. Bright*, Minor, 103 ; *Chandler v. Shehan*, 7 Ala. 251 ; *Carroll v. Bowie*, 7 Gill, 34, (41–3 ;) *Milburn v. Codd*, 7 B. & Cr. 419.

[2.] There is nothing in the objection, that the plea was a plea in abatement, and should have been sworn to. A plea in abatement ought to give a better writ ; but the matter alleged in this plea shows that the plaintiff can have no action at all, and was therefore properly pleaded in bar. *Mainwaring v. Newman*, 2 Bos. & Pull. 121 ; *Moffat v. Von Mullingen*, 2 Chitty, 539.

Judgment affirmed.