## Davidson v. Rothschild's Administrator.

*Action on Promissory Note by Payee against Maker.*

1. *Testimony of parties to suit; exception as to- actions by or against executors or administrators.* — When an action is revived, on the death of the plaintiff *pendente lite,* in favor of his personal representative, 'the defendant cannot be allowed to testify on the trial (Rev. Code, § 2704) as to any transactions with the deceased in his lifetime.

2. *Production of books on notice; what is revisable.* — When notice is served on a party, requiring him to produce on the trial certain books in his possession, and before the trial is commenced he announces that he has brought them into court, and the trial is thereupon begun, the action of the court during the trial, compelling the opposite to proceed, notwithstanding his objection that all the books called for are not in fact produced, is matter of discretion, and not revisable by the appellate court.

3. *Statute of frauds, as to promise to answer for debt, &c., of another; promissory note; consideration.* — The statute of frauds, requiring every special promise to answer for the debt, &c., of another to be in writing, "expressing the consideration" (Rev. Code, § 1862), does not apply to a promissory note, executed by the guardian of a person *non compos mentis,* and signed by him in his own name and that of his ward. Such a note, when sued on, imports a consideration, and is *primâ facie* evidence of assets. If it was given for the debts of the ward, and there were no assets of his estate to pay it, this would show a want of consideration, and defeat a recovery on the note; but the fact that it had been filed as a claim against the ward's estate after his death would constitute no defence to the action; and the fact that it was given for notes or accounts which "were settled," without proof of payment, would be no defence.

4. *Proof of admission in pleading; amendment of complaint.* — An admission contained in the original complaint, which has been struck out by amendment, may be proved by the production of the original, or of the copy served on the defendant.

APPEAL from the Circuit Court of Monroe.

Tried before the Hon. P. O. HARPER.

This action was brought by Catherine Rothschild, as the administrator of S. Rothschild, deceased (and afterwards revived in the name of a succeeding administrator), against H. B. Davidson; and was founded on a promissory note, of which the following is a copy: —

" $702.72　　　　　　　　CLAIBORNE, April 5, 1862.

" One day after date, I promise to pay to the order of S. Rothschild seven hundred and two $\frac{72}{100}$ dollars, at value received.　　　　　　　" JOHN DAVIDSON, Sen.

　　　　　　　　　　　　.." H. B. DAVIDSON, Guar."

The complaint contained two counts; the first being in the ordinary form for an action on a promissory note by payee against maker, and the second in these words: " The plaintiff, as administratrix as aforesaid, claims of the defendant seven

[Davidson v. Rothschild's Administrator.]

hundred and two $\frac{72}{100}$ dollars, due by promissory note, of which the following is a copy," setting it out; "and the plaintiff avers that the defendant, being at the date of said note the guardian of the estate of said John Davidson, Sen., as a *non compos mentis*, executed the above described note by signing both the names thereto himself, in manner and form as above shown in the copy, and in settlement and liquidation of accounts and notes formerly made and owing by the said John Davidson to the said S. Rothschild, which were accepted, and delivered to the defendant; and that said accounts, &c., have been allowed as credits to the said defendant, in his settlements in the Probate Court as such guardian of said John Davidson; and plaintiff further avers, that said note is the individual contract of said defendant, and that said defendant is personally and individually liable for the payment of the amount thereof, with the interest thereon; wherefore the plaintiff brings her suit." The complaint was amended, at the Fall Term, 1871, on motion of the plaintiff, by striking out all the averments of the second count following the copy of the note. To the complaint as amended the defendant pleaded, "in short, by consent : 1st. *Non assumpsit ;* 2d. Failure of consideration ; 3d. *Nudum pactum ;* and, 4th. The Statute of Frauds ;" and issue was joined on these pleas.

On the trial, as the bill of exceptions states, after the plaintiff had read in evidence the note on which the suit was founded, "the defendant offered to read in evidence the original summons and complaint, as it was before any part was struck out by amendment, for the purpose of showing the consideration of said note as therein stated ; to which the plaintiff objected, and the court sustained the objection ; to which the defendant excepted.

"The defendant, being examined as a witness in his own behalf, was asked by his counsel the following questions : 'State whether or not any papers passed between you and S. Rothschild, at the time the note sued on was given?' 'State whether or not you had any account in the store of S. Rothschild in the year 1860?' The court sustained an objection to each of these questions, on the ground that it called for the statement of a transaction with the intestate ; to which the defendant excepted. The defendant having stated, in answer to a question which was not objected to, that he had an account in the store of said Rothschild in the year 1861, was asked by his counsel, whether or not he had paid that account for 1861. The plaintiff objected to this question, on the same ground as above stated, and the court sustained the objection ; to which the defendant excepted. The defendant was then asked by his counsel to state whether or not he had any ac-

count in the store of said Rothschild, in the year 1860 or 1861, amounting to $702.72, the amount of the note sued on; to which question the plaintiff objected, on the same ground as before stated, and the court sustained the objection; to which the defendant excepted.

" On the day of the trial, previous to the case being called for trial, the defendant had caused to be served on the plaintiff a notice to produce at the trial the books of the said S. Rothschild containing the items of the account for which the note sued on was given; and before announcing himself ready for trial, the defendant called on the plaintiff to know whether or not he had in court, ready to be produced, the books called for in the notice; to which the plaintiff's attorney replied that they had. During the trial, the defendant called for the production of said books; whereupon the plaintiff produced one of the books of said Rothschild, called the journal, in which were the following entries: 'Saturday, April 5th, 1862. To bills receivable. Note of John Davidson, Sen., May 14, '61, $45.46; Do. Mar. 20, '61, $370.86; Do. Dec. 27, 1861, $239.55; bal. acc. $7.34.' These were the only entries in said book, in relation to the matters in controversy; and no other book or books were produced, or offered to be produced, in answer to said notice. The defendant thereupon declined to proceed further in the trial, until the books called for in the notice were produced; but the court held that the books produced, as above stated, was a sufficient compliance with said notice, and forced the defendant to proceed with the case; to which ruling and action of the court the defendant excepted.

" It was in evidence that the said Rothschild had been, for many years before his death, a merchant doing a large business in the town of Claiborne, in said county; and four accounts, in words and figures following, were given in evidence to the jury, without objection from either party." (These accounts were all against said John Davidson, and in favor of S. Rothschild, or S. Rothschild & Brother; the first, for goods sold, amounting to $105.64, with a receipt attached, dated February 5, 1859, of payment by H. B. Davidson, guardian; the second, for $104.74, with receipt of payment January 24, 1860; the third, for goods sold in October, 1860, amounting to $49.85, with receipt of payment from said H. B. Davidson, as guardian, without date; and the fourth, for corn sold in July, 1861, amounting to $15.56, with similar receipt.) " The entries on said journal, above mentioned, were also in evidence before the jury. There was before the jury, also, evidence tending to show that the note sued on was given for accounts made with said S. Rothschild, under the direction of the defendant, as

guardian for said John Davidson, and for notes given to said Rothschild; and also the admission of the parties as to the testimony of one Thomas Reaves," an absent witness, who was the overseer and manager of said John Davidson's plantation during the years 1860 and 1861, and bought most of the supplies for said plantation from said Rothschild; and whose testimony, as admitted, was to the effect that the accounts for said supplies during those years amounted to about $702.72, the amount of the note sued on, and that said accounts were unpaid when he quit the plantation. "The two following orders of the Probate Court of Monroe County were also in evidence before the jury;" the first appointing said H. B. Davidson as the guardian of said John Davidson, a *non compos mentis;* and the second appointing said H. B. Davidson as the administrator of the estate of said John Davidson, deceased, both of said orders being without date. "It was in evidence, also, that said defendant remained, and continued to act as the guardian of said John Davidson, from the time of said appointment until the death of said John Davidson in 1863. The defendant offered in evidence, also, an indorsement on the back of the note sued on, showing that it was filed in the office of the probate judge of said county, on the 14th July, 1868, as a claim against the estate of said John Davidson.

"The court charged the jury, among other things, that if they believed, from the evidence, that said John Davidson was *non compos mentis,* and the defendant was his guardian when the accounts were made for supplies to him and his family, and when the note sued on was made, then the Statute of Frauds had no application to the case; because, if said John Davidson was of unsound mind, and had a guardian, he could not make any debt by which he could be bound; and, consequently, the defendant's promise could not be collateral, which the Statute of Frauds prohibited, unless in writing, &c. To this charge the defendant excepted.

"The plaintiff asked the court to give the two following charges, which were in writing: '1. If the evidence shows that the note sued on was given by the defendant to Rothschild while he was guardian, for other notes or accounts then due from defendant to said Rothschild on account of said John Davidson, and no fraud or mistake is shown, then the said note is supported by a sufficient consideration.' '2. A promissory note, of itself, imports a consideration, and when a plea is interposed of want of consideration, or failure of consideration, the burden of proof is on the defendant to show such want or failure.' The court gave these charges, and the defendant excepted to each.

" The defendant requested the court to charge the jury, in writing, as follows : ' 1. If the jury find, from the evidence, that the note sued on was given for the debt of another, no recovery can be had on it against this defendant, unless there was some writing in which the consideration of the note is expressed, and said writing expressing the consideration was signed by the defendant.'  ' 2. If the jury find, from the evidence, that the note sued on was presented and filed in the Probate Court of Monroe County, as a claim against the estate of said John Davidson, that is a fact to which the jury may look, as tending to show that the plaintiff considered the claim as a claim against the estate of said John Davidson.'  ' 3. If the jury find, from the evidence, that the notes and accounts, for which the note sued on was given, were in any way settled, either by the defendant or by said John Davidson, or by any other person, then the plaintiff cannot recover in this case.'  ' 4. If the jury find, from the evidence, that the notes or accounts, for which the note sued on was given, were in any way settled, or in any way part settled, either by the defendant or by said John Davidson, or by any other person, then the plaintiff cannot recover as to said accounts so settled.'   The court refused each of these charges, and the defendant excepted to their refusal."

All the rulings of the court, to which exceptions were reserved as above stated, are now assigned as error.

S. J. CUMMING, for appellant.

J. W. POSEY & R. C. TORREY, contra.

PECK, C. J. — We think the court correctly sustained the objections to the several questions propounded to the defendant by his own counsel, because they related to transactions with the plaintiff's intestate, S. Rothschild, deceased.   The first question required the witness to state whether or not any papers passed between him and said deceased at the time the note sued on was given.   This clearly referred to a transaction with the deceased, and was properly excluded under section 2704 of the Revised Code.   The other questions asked and objected to were of like character ; and, for the same reason, there was no error in refusing to permit them to be answered.

2. There was no revisable error in the action of the court requiring the defendant to proceed on the trial of the cause, after the same had been commenced, because, as alleged, the plaintiff did not produce all the books, &c., under the notice to him for that purpose.   This was a matter resting in the discretion of the court, and it is not revisable in this court.

[Davidson v. Rothschild's Administrator.]

3. The defence of the Statute of Frauds does not seem to be presented in this case. The note imports a consideration, and it was not necessary, in declaring on it, to state any consideration, nor to prove any on the trial, in the first instance. When a promissory note is given by an executor, administrator, or guardian, it is *primâ facie* evidence of assets, because assets are presumed to be the consideration upon which such a promise is founded. Between the original parties, it is *primâ facie* evidence only ; and the defendant may show that, in fact, there were no assets, and thus defeat a recovery for want of a sufficient consideration. Edwards on Bills & Notes, p. 78. On proof by the defendant that the note was given for the debts of the ward, and also that there were no assets of the ward's estate to pay it (the plaintiff being the administrator of the payee), no recovery could be had, on the ground of the want of consideration, but not because the note was void by the Statute of Frauds. Where the contract or agreement imports a consideration, none need be expressed on the face of the paper. 2 Wms. Executors (Amer. ed. with notes), p. 1818 ; Edwards on Bills & Notes, *supra*. The charge given by the court on this point was free from error. On the facts therein stated, the note was an original, and not a collateral undertaking, and imposed a personal liability on the defendant ; and the Statute of Frauds had no application to the case. The two charges asked by the plaintiff, and given by the court, are also free from error. As stated above, the note imported a consideration ; and the burden was on the defendant to show a want, or failure, of consideration. If the defendant had proved that the note was given for the debts of the ward, created before his appointment as guardian, and also that there were no assets of the ward's estate to pay it, then he would have shown that the note was without consideration, and that no recovery could be had upon it. Edwards on Bills, *supra*.

For the reasons above stated, the first charge asked by the defendant was properly refused. We think, also, the second charge asked by him was correctly refused. The filing of the note in the office of the probate judge, as a claim against the ward's estate after his death, was no defence to this action. The two last charges asked by the defendant were also properly refused. The mere settlement of the claims, for which the note was given, without more — without showing payment — was no defence. To say that the claims were *settled*, was not equivalent to saying that they were paid.

But there was error in the ruling of the court to which the first exception was taken by the defendant ; to wit, the refusal to permit him to prove by the original complaint that the note

was given for the debts of his ward. It is a general rule, that what is admitted in the pleadings need not be proved. If the defendant had been permitted to prove the admission contained in the original complaint, it cannot be known but he would have gone further, and proved that there were no assets of the ward's estate to pay the debt; and if this had been done, there could have been no recovery on the note ; for if there were no assets to pay it, it would have been without consideration, and void for that reason. Although the plaintiff had the leave of the court to amend his complaint by striking this admission out of it, this did not destroy the legal effect of the admission ; and I can see no reason why it might not be proved by the introduction of the original complaint, or, if it had in fact been stricken out, then it might be proved by the copy served on the defendant, with the summons, when the action was commenced.

For this error the judgment must be reversed, and the cause remanded for another trial, at the costs of the appellee.