# Baldwin v. Ashby.

### Action on Common Counts.

1. *Witness; when competent.*—One contracting with an agent, and suing the principal alone on the contract, is competent to testify as to the terms of the contract, although the agent be then dead. The exception contained in § 2704 R. C., has no application to such a case.

2. *Declarations of agent; what admissible against principal.*—Declarations made by the agent, after the contract was made by him, are admissible against his principal, where the agency still continued, and the declarations formed part of a conversation between the parties, mutually explanatory of the contract just entered into, or formed part of the agent's report to his principal.

3. *Exception; when unavailing.*—A party objecting to the admission of such declarations should negative the existence of facts which authorize their admission; failing in this, the exception will be unavailing. Error must be clearly shown to authorize a reversal.


APPEAL from the Circuit Court of Mobile.
Tried before Hon. JOHN ELLIOTT.
The opinion states the facts.

JOHN T. TAYLOR, for appellant.

ALEX. McKINSTRY, contra.

MANNING, J.—The steamboat Swan, belonging to appellant and one Crimmins, had been snagged and sunk 10 or 12 miles from Mobile in water 8 or 10 feet deep; and they, with the aid of the crew of the vessel, and of the steamboat Warrior and her crew, employed and chartered by appellant for the purpose, at $40 a day, had been some time engaged in endeavoring to raise the vessel. Not succeeding, defendant sent Crimmins to Mobile "to employ plaintiff (Ashby) or some other person engaged in that business to raise her." And by the aid during four days, of Ashby and his divers, the vessel, worth $10,000 or $12,000, was raised, and towed to the city.

This suit was brought by Ashby in the circuit court for his compensation for this service; and a judgment having

[Baldwin v. Ashby.]

been rendered in his favor, defendant brought it by appeal to this court.

1. It is agreed that appellee, according to the contract made with him, was to be paid in the event of success, $500 00; and the first question we are called on to decide is, whether out of that Ashby should pay for the services rendered by the Warrior and her crew. He and other witnesses testified that the engagement on his part was "to go down and saw off the snag, patch the hole and see her (the vessel) to town, for $500 00," and that this was all that he contracted to do. Appellant proved by a witness that the contract was made in his presence, and that Ashby contracted "to go down, saw off the snag, *raise the boat* and see her *to the wharf* in Mobile for $500 00."

It is undisputed that the crew of the Swan in the employment of the defendant, and the Warrior and her crew, also in the employment of defendant under the charter, had been at work endeavoring to raise the Swan before Ashby was engaged, and that they were about her, and continued to work at her under the same employment and charter, when and after Ashby and his divers went to work. And appellant admits expressly in his bill of exceptions, that he did not claim the right to charge for the services rendered by himself and the crew of the Swan—while it is not pretended that there was any express stipulation that Ashby should be charged with the expense of the crew of the Warrior or of that vessel, or that he employed them, any more than he employed appellant and the crew of the Swan. In this state of the case, we do not perceive that there is any conflict, in fact, between the testimony on behalf of the plaintiff, and that on behalf of defendant for the consideration of the jury.

Unless the vessel was *raised*, Ashby could not "see her to town " or "to the wharf in Mobile "—which is the same thing; since a steamboat always goes to a wharf there. Nor could she be kept afloat without the hole was patched. The contract, according to the evidence on behalf of plaintiff, uncontradicted by that on behalf of defendant, was, that for his services as an expert and those of his divers in aid of the owners of the vessel and their employees in raising her, he, Ashby, was to be paid $500, contingent on the arrival of the vessel under his supervision, at Mobile. The opposite view would have made Ashby responsible to appellant for the assistance of the latter, and that of those in his employment from the time Ashby went to work, even though the vessel had never been raised and could not be, and Ashby should receive no compensation at all; which was certainly not the contract in evidence. The court, therefore, did not err in

[McCuan v. Tanner, Ex'r.]

refusing to let the account and evidence of the expenses paid by appellant for the Warrior and her crew be introduced in reduction of Ashby's claim, or in giving the charge excepted to, or in refusing the charges asked for on behalf of defendant, and refused by the court.

2. The exception to Ashby's testifying concerning the agreement as made with Crimmins—Crimmins being dead—is not well taken. Crimmins was the agent of defendant Baldwin, who alone was the defendant in the cause, when the testimony was given. The suit was not one against the executor or administrator of Crimmins; and the exception in § 2704 of the Rev. Code, does not therefore apply.

3. A bill of exceptions must affirmatively show whatever is necessary to put the court below in error, before its rulings will be reversed in this court. It does not appear that the declarations of Crimmins, made after the contract with Ashby was made, and which were objected to, on behalf of appellant, were not made while Crimmins was still agent of appellant, and lawfully acting as such. The mere fact that they were uttered after the making of the contract, does not necessarily make them inadmissible as evidence. They may have been part of a conversation between him and Ashby properly had, and mutually explanatory of the contract they had just before entered into—or a part of Crimmins' report of the agreement he had made to his principal Baldwin. We cannot presume that they were not, and therefore we cannot sustain the assignment of error predicated on the admission of them in evidence.

The judgment is affirmed.