# McCrary's Adm'r *v.* Rash's Adm'r.

*Action on Note under Seal, given for Price of Slave.*

1. *Competency of parties as witnesses in civil cases; exception as to actions by or against administrators, and statements or transactions by or with decedents.*—Under the statute relating to the competency of parties as witnesses in civil cases (Code of 1876, § 3058), the exception which declares that " in suits or proceedings by or against executors or administrators, neither *party* shall be entitled to testify against the other, as to any transaction with or statement by any deceased person whose estate is interested in the result of such suit," &c., applies to and excludes the distributees of the estate, who, though not nominally parties, are beneficially interested in the result of the suit.

2. *Charge misleading jury.*—A charge which is calculated to mislead the jury, but not otherwise objectionable, is not a reversible error; the party objecting to it should ask an explanatory charge.

[McCrary's Adm'r v. Rash's Adm'r.]

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. LOUIS WYETH.

This action was brought by John B. Tally, as the surviving administrator of the estate of William Rash, deceased, against Samuel McCrary, and revived, on his death *pendente lite*, against Thomas N. Allison, as his administrator; was commenced on the 15th August, 1872 ; and was founded on a bond, or promissory note under seal, for $1450,—which was executed by Leroy McCrary, since deceased, and by said Samuel McCrary, and one George Rogers, dated the 15th April, 1859, and payable twelve months after date, to Laxon Rash and said John B. Tally, as administrators of the estate of William Rash, deceased ; and which recited on its face that it was given for the purchase-money of a slave. The defendant pleaded, "in short by consent," 1st, accord and satisfaction ; 2d, payment ; 3d, set-off ; and 4th, a special plea of payment by the transfer to said Laxon Rash, since deceased, one of the payees of the note, and then co-administrator with plaintiff, of a promissory note made by one Emery, and payable to said Leroy McCrary, one of the makers of the note sued on ; and issue was joined on all these pleas.

On the trial, as the bill of exceptions shows, the plaintiff having read the note in evidence to the jury, the defendant offered to prove the declarations, or admissions, of said Laxon Rash, deceased, to the effect that the note was paid to him, in 1863, in Tennessee, in Confederate money, by Leroy McCrary, who was the principal debtor, the other makers having signed it as sureties for him ; and that he had distributed the money among the distributees of the estate, retaining a part as his own distributive share. These declarations, or admissions, he offered to prove by the testimony of James Champion, who had married a daughter of said Samuel McCrary, and by the depositions of George Rogers, who had married another daughter of said McCrary, and of Almond McCrary, his son. This testimony was excluded from the jury by the court, on motion of the plaintiff, on the ground that said witnesses, though not parties to the record, "were interested in this cause as parties by implication," being distributees of the estate of said Samuel McCrary ; to which ruling, in the case of each one of said witnesses, an exception was reserved by the defendant.

The court charged the jury, on the request in writing of the plaintiff, "that the only manner in which Confederate States treasury-notes had a pecuniary value affixed to them by law, was by reason of public policy, and the laws of each State in which such currency had a circulation ; and the

court can not judicially know, or charge the jury, that such treasury-notes had a value in Tennessee in 1863, at the time of said alleged payment." To this charge, also, the defendant excepted.

The exclusion of the evidence, and the charge of the court, are now assigned as error.

L. C. COULSON, for appellant.

L. P. WALKER, contra.

STONE, J.—Section 3058 of the Code of 1876, being the act of March 2, 1875 (Pamph. Acts, 252), is, in some respects, materially different from section 2704 of the Revised Code. Each declares that, as a general rule, being a party to the record, or interested in the issue tried, does not disqualify a witness in a civil cause. The exception found in section 2704, Revised Code, is in the following language : "In suits or proceedings by or against executors or administrators (as to which a different rule is not made by the laws of this State), neither party shall be allowed to testify against the other, as to any transaction with, or statement by the testator or intestate, unless called to testify thereto by the opposite party." The meaning of the clause in parenthesis is, that this exception applied to all such cases, unless some case should arise, for which the Code, in some other clause, made a different rule or provision. The act of March 2, 1875 (Code of 1876, § 3058), provides, "that neither party shall be allowed to testify against the other, as to any transaction with, or statement by any deceased person, whose estate is interested in the result of such suit." It will be readily seen that this enlarges the exception. In the former statute, the exclusion applied only when the "suit or proceeding was by or against an executor or administrator," and it was confined to "transactions with, and statements by the testator or intestate." Under the present statute, the exclusion applies to all classes of suits or proceedings, provided the offer be to prove, by a party to the suit, a transaction with, or statement by some deceased person, whose estate is interested in the result of the suit. The first was confined to a testator or intestate, whose personal representative was, as such, a party to the suit, and to transactions with, and statements by such [deceased] testator or intestate. The latter includes transactions with, and statements by *any deceased person*, whose estate is interested in the result of the suit. The latter statute contains another exceptional clause not found in the former. It provides that parties to the suit shall not tes-

tify in their own favor, as to transactions with or statements by any deceased person, who, "at the time of such statement or transaction, acted in any representative or fiduciary relation whatsoever to the party against whom such testimony is sought to be introduced." This clause scarcely needs comment. It provides a rule different from that declared in *Baldwin v. Ashley*, 54 Ala. 82, which arose under the older statute.

The purpose of the exception, in each of these statutes, was to exclude the testimony of parties to the suit, when offered in their own behalf, to show transactions with, or statements by persons who have died, and consequently can not confront, and, perchance, contradict such testimony. It rests on the fear that personal interest will exercise an influence too controlling, unless it is confronted by an adversary interest, having equal knowledge of the facts. This exception has been uniformly upheld in its integrity, as a necessary restraint of abuses likely to grow out of the section of the Code we are considering. See *Rupert v. Elston*, 35 Ala. 79; *Kirksey v. Kirksey*, 41 Ala. 626, 634; *Waldman v. Crommelin*, 46 Ala. 580; *Stallings v. Hinson*, 49 Ala. 72; *Davidson v. Rothschild*, 49 Ala. 104.

The amendment of the section under discussion, extending, as it does, the restraints on parties testifying against decedents' estates in adversary interest, furnishes an additional reason why we should not cripple this salutory exception, in its benificent operation. So, it has been held to apply to persons standing in the relation of beneficiaries, who, though not parties to the suit, are directly interested in the result.—*McLemore v. Nuckolls*, 37 Ala. 660, 672; *Key v. Jones*, 52 Ala. 238, 247. See, also, *Walker v. Walker*, 34 Ala. 469; *Tisdale v. Maxwell*, at present term.

Under the rule declared in the cases of *McLemore v. Nuckolls*, and *Key v. Jones*, *supra*, the witnesses, Rogers, Champion, and Almond McCrary, were incompetent to testify to transactions with, and statements by Rash, the deceased administrator; and the Circuit Court did not err in excluding that part of the evidence.

2. The charge given and excepted to may have been, and probably was, calculated to mislead the jury. That is no ground for reversal. It was the privilege and duty of the defendant to ask an explanatory charge, by which the objectionable tendency of it could have been averted and healed. 1 Brick. Dig. 344, § 129.

The judgment is affirmed.

BRICKELL, C. J., not sitting, having been of counsel.