[No. 1,051.]

## J. H. ALDERSON, RESPONDENT, v. JOSEPH MENDES ET AL., APPELLANTS.

SURETY ON OFFICIAL BOND CAN NOT RECOVER FULL DAMAGES FROM CO-SURETIES.—A surety upon an official bond, that is joint and several in form, can not recover from his co-sureties the full amount of damages he may have sustained by the wrongs of their common principal.

IDEM—DEFENSE TO SUIT—CIRCUITY OF ACTION.—In a case where one can recover against another, and the latter can turn around and recover the money back, the law, by way of rebuttal, and to avoid circuity of action, holds such liability a defense to the first action.

APPEAL from the District Court of the Sixth Judicial District, Eureka County.

The facts sufficiently appear in the opinion.

*C. J. Lansing and Crittenden Thornton,* for Appellants:

I. An action can not be maintained by a surety upon an obligation who appears to be legally bound for the identical sum for which he sues, against all or any of his co-obligors. (1 Chitty Pl. 40; *Westcott* v. *Price*, Wright, 220; *Grahame* v. *Harris*, 5 Gill & Johns. 498; *Eastman* v. *Wright*, 6 Pick. 316; *Warren* v. *Stearns*, 19 Id. 73; *Livingston* v. *Livingston*, Mills (S. C.), 428; *Portland Bank* v. *Hyde*, 2 Fairf. 196; *Griffith* v. *Chew*, 8 Serg. & R. 30; *Pearson* v. *Nesbitt*, 1 Dev. 315; *Andrews* v. *Callender*, 13 Pick. 484; *Harris* v. *First Parish*, 23 Id. 112; *Brigden* v. *Cheever*, 10 Mass. 450; *Mainwaring* v. *Newman*, 2 Bos. & Pul. 120; *Bosanquet* v. *Wray*, 6 Taunt. 597; *Harvey* v. *Kay*, 9 B. & C. 356; *Holmes* v. *Higgins*, 1 Id. 74; *Teague* v. *Hubbard*, 8 Id. 345; *Milburn* v. *Codd*, 7 Id. 419.)

II. Gilmore, the principal obligor on the undertaking on which the action is brought, is an indispensable party, not only to this, but to any action on the bond. (*People* v. *Love*, 25 Cal. 523; *City of Sacramento* v. *Dunlap*, 14 Id. 421; *Irwin* v. *Backus*, 25 Id. 214; *Mendocino Co.* v. *Morris*, 32 Id. 145; *People* v. *Evans*, 29 Id. 429; *People* v. *Hartley*, 21 Id. 585; *People* v. *Kneeland*, 31 Id. 288; *Sacramento Co.* v. *Bird*, Id. 66; *People* v. *Ross*, 38 Id. 76; *Placer Co.* v. *Dick-*

*erson*, 45 Id. 12; *Tevis* v. *Randall*, 6 Id. 632; *State* v. *Rhoades*, 7 Nev. 438; *Krullschnitt* v. *Hauck*, 6 Id. 163; *State* v. *Wells*, 8 Id. 105; *People* v. *Breyfogle*, 17 Cal. 510.)

III. The judgment in this case is erroneous on the face of the record. One surety can not recover from another at law, more than that other's proportion of the joint liability. (*Judah* v. *Mieure*, 5 Blackf. 171; *Bradley* v. *Burwell*, 3 Denio 61; *Stallworth* v. *Preslar*, 34 Ala. 505; *Pitt* v. *Purssord*, 8 M. & W. 538; *Lucas* v. *Curry*, 2 Bailey (Law), 403; *Johnson* v. *Johnson*, 11 Mass. 359; *Crowdus* v. *Shelby*, 6 J. J. Marsh, 62; *Lidderdale* v. *Robinson*, 2 Brock. 160; *Mauri* v. *Heffernan*, 13 Johns. 58; *Colt* v. *Learned*, 118 Mass. 380; 1 Wash. Real Prop. 651; *Challefoux* v. *Ducharme*, 8 Wis. 287; *Young* v. *De Bruhl*, 11 Rich. L. 638; *Clark* v. *Brown*, 3 Allen, 509; *Aldrich* v. *Martin*, 4 R. I. 520; *Shove* v. *Dow*, 13 Mass. 529: *Cutting* v. *Rockwood*, 2 Pick. 443; *Durant* v. *Johnson*, 19 Id. 544; *Sigourney* v. *Eaton*, 14 Id. 414; *Johnson* v. *Harris*, 5 Hayw. (Tenn.) 113.)

*George W. Baker*, for Respondent:

I. No authority is cited under the code which denies the right of maintaining an action in this form. The real question is, have the defendants been deprived of any right to plead the same defense they could have pleaded in an equitable action? The plaintiff in this case sues for two thousand dollars. If plaintiff would be legally liable for any portion of this sum in an action for contribution, that fact might have been shown if properly pleaded in this action, and the plaintiff's claim reduced to the extent of his liability. (1 Comp. L. 1112; *Crary* v. *Goodman*, 12 N. Y. 266; *Rindge* v. *Baker*, 57 Id. 209; *Cavilli* v. *Allen*, Id. 508; *Bruce* v. *Burr et al.*, 67 Id. 237; *Carpentier* v. *Oakland*, 30 Cal. 439; *O'Brien* v. *Perry*, 1 Black (U. S.), 132.)

II. The objection that the plaintiff has a legal interest in both sides of the controversy is answered by the case of *McDowell* v. *Jacobs*, 10 Cal. 388.

III. The plaintiff may sue all or any number of those liable on a joint and several undertaking, at his option.

(Civil Pr. Act, sec. 15; *People* v. *Love*, 25 Cal. 521; *Decker* v. *Trilling*, 24 Wis. 610.)

IV. In an action upon a joint and several bond it is unnecessary to join the principal. (*Brainard* v. *Jones*, 11 How. Pr. 569.)

V. This is an action for damages, caused by the wrongful and unauthorized act of the sheriff. It was not an injury sustained by all the sureties in common, but by the plaintiff alone; not because he was a surety on the undertaking of the sheriff, but because the wrongful act of the sheriff was committed against his property, just as it might have been against the property of any other citizen, and the plaintiff in bringing suit for such wrongful act is not controlled by the principles which govern actions for contribution.

VI. In an action between the sureties for contribution the plaintiff can be brought in and compelled to contribute his proportion of the amount of the damage sustained by the wrongful act of the sheriff with the other solvent sureties upon the undertaking. (*Bachelder* v. *Fiske*, 17 Mass. 464; *Burroughs* v. *Lott*, 19 Cal. 125.)

By the Court, BELKNAP, J.:

This is an action brought to recover the sum of two thousand dollars as damages for a breach of the conditions of the official bond of George W. Gilmore, formerly sheriff of the county of Eureka. The bond is joint and several in form, and was executed by Gilmore as principal, and twenty-seven other persons as sureties, among whom were the plaintiff and the two defendants against whom this action is brought. The breach consisted in the conversion of plaintiff's property by Gilmore, as sheriff, during his term of office. A demurrer was interposed to the complaint upon several grounds, one of which was that it did not state facts sufficient to constitute a cause of action. Upon the submission of the demurrer it was admitted that the plaintiff was a surety upon the bond, and thereupon bound in the sum of two thousand dollars. The court overruled

the demurrer, and its ruling in this regard is one of the grounds upon which this appeal is taken.

The question presented is, whether one who is himself a surety upon an official bond can recover from his co-sureties the full amount of damages he may have sustained by the wrongs of their common principal. If this question were answered in the affirmative and judgment passed against the defendants, there would be nothing to hinder them, after paying it, from recovering the same amount from the plaintiff; and thus the parties might alternately sue each other indefinitely. This would produce circuity of action, which the law does not permit. The principle to which actions of this character are obnoxious is thus stated in 16th Am. ed. of Chitty on Pleading, vol. 2, 363: "Whenever the rights of litigant parties are such that the defendant would be entitled to recover back from the plaintiff the same amount of damages which the plaintiff seeks to recover, the defendant may plead the facts which constitute such rights as a defense, for the purpose of avoiding circuity of action."

This subject was considered in the case of *Gray* v. *Coffin*, 9 Cush. 206, under a statute imposing a personal liability upon stockholders for the payment of the debts of insolvent corporations. In that case it was sought to enforce payment of the debt of an insolvent corporation against one of its stockholders by a creditor who was himself a stockholder. The court said: "And it is further argued that, because he may be the creditor, and have a judgment against the corporation, he may also, like any other creditor, have the collateral remedy over upon any individual member, as provided for by this statute. But this is by no means a just conclusion. The obligation is declared by this statute, but the remedy, as the case supposes, is sought at the common law; it must, therefore, be limited and controlled by the rules of the common law. Now, if the member, who has become a creditor of the corporation, say A. could recover against B., another member, B., by paying the debt, would, in his turn, become a creditor of the corporation, and might have his action against any one or all of the other members,

and, amongst the rest, against A., to recover the money back again. Now when a case is so situated that, if one can recover against another, and the latter can turn round and recover the money back, the law, by way of rebuttal, and to avoid circuity of action, holds such a liability à defense to the first action. Supposing, by way of illustration, that there be a note in circulation, with a promisor and several indorsers, of whom A. is the first and B. the second; it is indorsed by several others, and subsequently, in the course of business, comes again to A., as indorsee, after these other indorsements. As such indorsee, A. sues B. as his prior indorser, which any other indorser might do. B. answers that, though true it is, he is liable to pay it to A., as indorsee, yet he would have an immediate action over against A. as his prior indorser, and this shall be a good defense by way of rebuttal." (*Mitchell* v. *Turner*, 37 Ala. 660; *Bailey* v. *Bancker*, 3 Hill, 188.)

We are of opinion that this action can not be maintained. Judgment reversed.