[Alabama Great Southern Railroad Co. v. Hawk.]

# Alabama Great Southern Railroad Co. v. Hawk.

## *Action against Railroad Company, for Personal Injuries.*

1. *Contributory negligence; standing on platform of car while in motion.* A regulation forbidding passengers to stand on the platform of a car while the train is in motion being reasonable and proper, a passenger who is injured while standing on the platform, in violation of such regulation, is guilty of contributory negligence, and can not maintain an action to recover damages for such injuries.

2. *Failure to blow whistle, or ring bell, on approaching depot or station.* The statutory provisions requiring the·engineer, or other person in charge of a moving train of cars, to blow the whistle, or ring the bell, on approaching a depot or stopping-place (Code, §§ 1699, 1700), are intended for the protection of the travelling public, or persons not on the train; and passengers on the train are not, ordinarily, included in the letter or spirit of the statute, and can not complain of its violation, when suing for damages on account of personal injuries, to which the failure to ring the bell could have had no tendency to contribute; though cases may occur, possibly, in which passengers, or other persons permissively on the train, are entitled to have such signals given, as a warning to hasten their departure.

3. *Limitation of action; date and form of summons, and amendment thereof.*—The limitation of an action against a railroad company, to recover damages for personal injuries, is one year (Code, § 3231); and in determining when the. action was commenced, the date or form of the summons is not conclusive, it being amendable in these particulars on proper evidence,

4. *Construction of summons; charge referring legal question to jury.* It is the duty of the court to determine whether the summons is an original or an *alias*, and a charge which refers the decision of that question to the jury is erroneous.

5. *Agent's admissions or declarations; when admissible as evidence against principal.*—The. admissions or declarations of an agent are admissible as evidence against his principal, only when made in the discharge of his duties as agent, and so closely connected with the main transaction in issue as to constitute a part of the *res gestæ*.

6. *When declarations are part of res gestæ.*—In determining whether declarations fall within the principle of *res gestæ*, while it is not necessary that they should be strictly contemporaneous with the main fact in issue, they must be so nearly coincident in point of time as to grow out of that fact, to elucidate it, and to explain its character and quality, and must be so closely connected with it as to virtually constitute but one entire transaction,

7. *Declarations of conductor and engineer; when admissible against railroad company.*—In an action against a railroad company, to recover damages for personal injuries sustained by a passenger, a witness for the plaintiff can not be allowed to testify, that the conductor, "a few minutes after the plaintiff had been hurt, asked the engineer why he did not respond to the bell-call; and that the engineer answered, he did respond to all the bell-call he heard."

Vol. LXXII.

[Alabama Great Southern Railroad Co. v. Hawk.]

APPEAL from the Circuit Court of DeKalb.

Tried before the Hon. LEROY F. BOX.

This action was brought by James M. Hawk against the appellant, a domestic corporation, to recover damages for personal injuries sustained by the plaintiff by being thrown, or falling, from the platform of a passenger car at Valley Head, to which station he had travelled as a passenger from Fort Payne, another station on the defendant's road, on the 10th December, 1879. The defendant pleaded, 1st, not guilty; 2d, "that the injuries to plaintiff now complained of, if any he received, would not have occurred without his fault or negligence, and that his fault and negligence contributed, proximately and directly, to produce said injuries, and said injuries were not the result of any wanton, reckless or intentional act done by this defendant, its agents or servants;" 3d, the statute of limitations of one year. Issue was joined on all these pleas.

The original summons was sued out on the 25th October, 1880; but its service was set aside by the court, at the next ensuing term, and leave given to the plaintiff to issue an *alias;* and another writ was issued on the 25th June, 1881, which is in form an original, and not an *alias.* On the trial, as the bill of exceptions recites, the defendant offered this last writ in evidence, as showing the commencement of the action; and objected to the admission of the former writ, when offered in evidence by the plaintiff, "on the ground that the same was illegal, irrelevant, and inadmissible under the issues joined." The court overruled this objection, and allowed the former writ to go to the jury as evidence; and also permitted the plaintiff to prove that the service of that writ had been set aside by the court, as stated, and leave granted to issue an *alias.* On this evidence, "the court charged the jury, of its own motion, that the summons and complaint dated the 25th June, 1881, was not on its face an *alias* summons and complaint, but that the jury could look to the summons and complaint dated the 25th October, 1880, to see whether that of the 25th June was an *alias;* and if the jury found that this last writ was an *alias,* then the plea of the statute of limitations was avoided." To this charge, and also to the admission of the evidence objected to, exceptions were reserved by the defendant.

The plaintiff testified as a witness for himself, and stated the circumstances under which he was injured, and he introduced two witnesses who were present at the time the accident occurred; while the engineer and the conductor of the train were examined as witnesses for the defendant. There was no conflict in the testimony of these several witnesses as to the material facts, which are stated in the opinion of the court. The defendant requested the following charges, which were in writ-

8

ing: (1.) "Negligence consists either in doing what a man of ordinary intelligence, care and prudence ought not to do, and would not do, or in omitting to do what a man of ordinary intelligence, care and prudence ought to have done, and would have done; and if the plaintiff was guilty of either of these kinds of negligence, and thereby contributed, proximately and directly, to produce the injuries of which he complains in this suit, then the jury ought to find a verdict for the defendant, although they may believe that it was possible for the engineer to have stopped the train precisely at the depot, and that the engineer honestly and in good faith tried to do so, but failed on account of the wet weather." (2.) "If the plaintiff, by ordinary care, and by ordinary observance of the known rules and regulations of the defendant corporation, could and would have avoided the injuries of which he here complains; and if, by his failure to exercise such ordinary care, he contributed proximately and directly to produce the injuries of which he here complains; then, upon this state of facts, the jury ought to find a verdict for the defendant, although they may believe all the evidence as to any alleged negligence of the conductor or engineer." The court refused each of these charges, and the defendant excepted to their refusal. The refusal of these charges, and all the other rulings of the court to which exceptions were reserved, are now assigned as error.

RICE & DOBBS, for appellant.

DUNLAP & DORTCH, *contra*. (No briefs on file.)

SOMERVILLE, J.—The action here is for an injury to the person of the plaintiff, which resulted from his being accidentally thrown, or having fallen, from the platform of a passenger car of the defendant railroad company. The plaintiff charges the injury to the negligence of the defendant's servants, and the defense interposed is the negligence of the plaintiff himself, which is alleged to have proximately contributed to the injury.

It was justly observed by this court, in *Memphis and Charleston Railroad Co. v. Copeland*, 61 Ala. 376, that the doctrine of contributory negligence "is too firmly rooted in our jurisprudence to be open to further controversy." Its underlying principle is, that no man should, ordinarily, be permitted to recover for a tort or wrong to which his own want of care has directly or proximately contributed. The reason is, that if, by his failure to exercise ordinary care, he might have avoided the consequences of the defendant's negligence, the plaintiff is regarded as the author of his own wrong. It is commonly observed, that to allow the plaintiff to recover in such a case, would be to give

him damages for the proximate consequences of his own negligence.—*Tanner v. L. & N. R. R. Co.*, 60 Ala. 621; *M. & C. R. R. Co. v. Copeland*, 61 Ala. 376, *supra;* Shearman & Redfield on Negligence, § 24; Wood's Mayne on Damages, 96; Wharton on Negligence, §§ 300–301; *Gothard v. Ala. Gr. S. R. R. Co.*, 67 Ala. 114.

There are certain qualifications of this rule, which are fully discussed in the case of *Tanner v. L. & N. R. R. Co.*, 60 Ala. 621 (*supra*), and were followed by this court in subsequent rulings; *Cook v. Central R. R. and Banking Co.*, 67 Ala. 533; *Gothard v. Ala. Gr. S. R. R. Co.*, 67 Ala. 114, *supra*. There is no evidence in this record, tending to show that the injury suffered by the plaintiff was brought about by any act of the defendant, which was wanton, reckless, or intentional. If such had been the case, the defendant would have been liable, notwithstanding the plaintiff's want of ordinary care. Nor is there any evidence tending to prove that the peril of the plaintiff was manifested to the servants of the defendant company in time to have averted the catastrophe by the exercise of preventive effort on their part. The injury occurred simultaneous with, or prior to the discovery of the plaintiff's danger. Hence, the modifications of the general doctrine of contributory negligence, as recognized in the cases last above cited, have no room for application to the case at bar.—*Price v. St. Louis R. R. Co.*, 3 Amer. & Eng. Railway Cases, 365; *Little Rock, &c. R. R. Co. v. Parkhurst*, 5 *Ib.* 635.

The facts of the present case seem clear and undisputed. The plaintiff was a passenger on the regular passenger train of the defendant company, and had paid his fare to Valley Head, an established station on the line of the Alabama Great Southern railroad. There was a down grade in approaching this depot, and the track was wet from rain; in consequence of which, the cars composing the train were carried by the engine twenty-five or thirty yards beyond the customary stopping-place. The conductor signalled the engineer to back the train to the depot, which he did, as is shown to have been usual on such occasions. The whistle had been sounded about half a mile before approaching the station; but this was not continued, nor does it appear that the bell was rung while thus approaching. It is shown to have been towards night, on the tenth day of December, 1879, and was "*dark*, raining, and cloudy." When the engineer sounded the whistle, as a signal of approach to Valley Head Station, or very soon after, the plaintiff, according to his own testimony, "*went out of the passenger car*, on to its *platform*, and *remained there until the train*, at a reduced rate of speed, *passed the depot*," when he was precipitated, or fell from the platform, so as to render him temporarily unconscious.

[Alabama Great Southern Railroad Co. v. Hawk.]

How the accident happened, the plaintiff was unable to state. The regulations of the railroad company forbade passengers to stand on the platform while the trains are in motion. The rate of speed at which the train was moving, when it passed the depot, was from three to five miles an hour.

It is manifest that the plaintiff would not have been injured, but for his own co-operating negligence. Standing upon the platform while the train was in motion, in the dark, was a want of ordinary prudence, which contributed directly to the injury suffered. The regulation of the company forbidding this was a reasonable one, and its violation by the plaintiff was a want, on his part, of ordinary care under the circumstances. If passengers travelling on railroad trains insist upon thus exposing themselves unnecessarily to danger, they must do so at their own peril, and not at the peril of the railroad companies.—*Hickey v. Boston, &c. R. R. Co.*, 14 Allen, 429; *Quinn v. Illinois, &c. R. R. Co.*, 51 Ill. 495; *Railroad Co. v. Jones*, 95 U. S. 439.

The court erred in refusing to give the charges numbered one and two, requested by the defendant, which were but clear recognitions of the above enunciated principles.

2. Whether the engineer was *ringing a bell*, on approaching the depot, was not material. The statute, it is true, provides this signal to be given, or else for the whistle to be blown, at intervals, until the train reaches the depot, or stopping-place; also, before entering any curve crossed by a public road, on a cut where the engineer can not see at least one-fourth of a mile ahead, and upon entering into the corporate limits of any town or city.—Code, 1876, § 1697. And a railroad company is made liable for all damages done to persons, stocks, or other property, *resulting from a failure to comply with these requirements.* Code, § 1700. These precautions, so far as applicable to persons, are intended obviously for the benefit of the travelling public, and others who have a right to be warned of approaching trains, for their personal protection against injury. Passenengers, who are on the trains, are not ordinarily included in the letter or spirit of the statute. They do not need such signals of warning for their protection, and they can not, therefore, be construed to be entitled to them.—*South & North Ala. R. R. Co. v. Thompson*, 62 Ala. 494; *Railroad Co. v. Bowdron*, 92 Penn. St. 475 (37 Amer. Rep. 707). The failure to ring a bell, at the time of the injury to the plaintiff, could have had no tendency to contribute to such injury. We can see no logical connection between this negligence of the defendant and the alleged damage suffered by the plaintiff. The court erred, therefore, in permitting the plaintiff to testify, that no bell was rung by the engineer as the train was approaching the depot at Valley Head, at the time of the alleged injury. It may be

[Alabama Great Southern Railroad Co. v. Hawk.]

proper to add, that cases may possibly occur, where passengers, or other persons permissively on a train, are entitled to have such signals given, as a warning to hasten their departure from a train immediately before leaving a depot or stopping-place, as the statute requires to be done.—Code, § 1699; *Doss v. M. K. & T. R. R. Co.*, 59 Mo. 27; 21 Amer. Rep. 371; *Letcher v. Ga. Cent. R. R. & Bank. Co.*, last term.

3–4. The present action, being a claim for damages on account of a personal injury, is governed by the statute of limitations of one year.—*M. & M. Railway Co. v. Crenshaw*, 65 Ala. 566. The date of the summons, however, was not conclusive evidence of the time of the commencement of the action. Nor was the form of the summons conclusive of its character as an *original*, or an *alias*. Even if in form an original, such process " may be amended, on proper evidence, so as to show it is in fact an *alias*."—*Huss v. Central R. R. & Banking Co.*, 66 Ala. 472; *Steamboat Farmer v. McCraw*, 31 Ala. 659. The court erred in referring this question to the jury. It was a matter of law for its own determination. *Jones v. Pullen*, 66 Ala. 306; *Taylor v. Kelly*, 31 Ala. 59; *Price v. Mazange, Ib.* 701.

5–7. The objection interposed to the testimony of the witness, Allison, should have been sustained. This witness was permitted to testify to the jury, that, " a *few minutes* after the plaintiff had been hurt, the conductor asked the engineer, *why he did not respond to the bell-call;* and the engineer answered, that *he did respond to all the bell-call he heard*." To the admission of this evidence the defendant duly excepted.

The rule is well established, that it is not within the scope of an agent's authority to bind his principal by admissions having reference to by-gone transactions. The only ground upon which the admissibility of an agent's declarations can be justified, is, that they must have been made while in the discharge of his duties as agent, and be so closely connected with the main transaction in issue as to constitute a part of the *res gestæ.*—*Mobile & Mont. R. R. Co. v. Ashcraft*, 48 Ala. 15; *Tanner's Ex'r v. L. & N. R. R. Co.*, 60 Ala. 621; *Robinson v. Fitchburg & W. R. R. Co.*, 7 Gray, 92; *Baldwin v. Ashley*, 54 Ala. 82; 1 Brick. Dig. p. 63, §§ 160–162.

It is difficult, if not impossible, to accurately define the principle of *res gestæ*, as it is often called. It is commonly said to have reference to such circumstances and declarations as are *contemporaneous* with the main fact under consideration, and so closely connected with it as to illustrate its character. 1 Greenl. Ev. § 108. What lapse of time is embraced in the word " contemporaneous," is often a question of difficulty. Perfect coincidence of time between the declaration and the

main fact is not, of course, required. It is enough that the two are substantially contemporaneous; they need not be literally so. The declarations must, however, be so proximate in point of time as to grow out of, elucidate, and explain the character and quality of the main fact, and must be so closely connected with it as to virtually constitute but one entire transaction, and to receive support and credit from the principal act sought to be thus elucidated and explained. The evidence offered must not have the ear-marks of a device, or afterthought, nor be merely narrative of a transaction which is really and substantially past.—Thompson on Carriers of Passengers, pp. 557, 558; *Gandy v. Humphries*, 35 Ala. 617; *Henderson v. The State*, 70 Ala. 23; *Enos v. Tuttle*, 3 Conn. 250; *Scraggs v. The State*, 8. Sm. & M. 722; *Com. v. Hackett,* 2 Allen, 136; *Luby v. Hudson R. R. Co.*, 17 N. Y. 131; Ewell's (Evans) Agency, 219–220; *McDermott v. Hannibal &c. R. R. Co.*, 73 Mo. 516; s. c. 39 Amer. Rep. 526.

In *Thompson v. Travanion* (Skinner, 402), it was ruled, "that what the wife said immediately upon the hurt received, and before she had time to devise or contrive anything for her own advantage," might be given in evidence under this principle. In *Luby v. Hudson River R. R. Co.*, 17 N. Y. 131, *supra*, the declarations of the driver of a street-car, made after an accident had occurred and the car had been stopped, but before he had left it, to the effect that he could not stop the car because the brakes were out of order, were ruled to be mere hearsay and inadmissible.

In *Adams v. Hannibal &c., R. R. Co.* (74 Mo. 553; s. c. 41 Amer. Rep. 333), the court, for a like reason, excluded the declarations of the engineer and fireman of the train, made immediately after the deceased was struck and the train was stopped, showing that the accident was occasioned by the negligence of the engineer. The case is clearly analogous to the present one, and the views of the court, after a clear and instructive review of the cases, fully accord with the conclusion reached by us, and the reason upon which that conclusion is based. Our conclusion is, that the declarations of the conductor and engineer can not, under a proper application of this principles, be regarded as a part of the *res gestœ* of the accident resulting in the injury to plaintiff. The time—"*a few minutes*."—does not appear to be so proximate to the main transaction, nor are the declarations made otherwise so closely connected with it, as an elucidating circumstance, as to justly authorize the conclusion that they are not merely narrative of a past occurrence, which at the moment was finished and complete.—Thompson on Carriers of Passengers, pp. 557–8; *Packet Co. v. Clough*, 20 Wall. 528, 540; *Morse v. C. R. Rail-*

*road Co.*, 6 Gray, 450; *Michigan, &c., R. Co. v. Carrow,* 73 Ill. 348; 1 Brick. Dig. p. 843, §§ 553–555; *Gandy v. Humphries,* 35 Ala. 617.

The judgment of the Circuit Court is reversed, and the cause remanded.