261 So.2d 28

**Leonard Alwyn CONE**

v.

**Barbara Ellen RAGAN and
Thomas Mason, Jr.**

**4 Div. 423.**

Supreme Court of Alabama.

April 13, 1972.

Elno A. Smith, Jr., Montgomery, for appellant.

Oliver Brantley, Troy, for appellees.

**McCALL, Justice.**

This is an appeal by the plaintiff, Leonard Alwyn Cone, from a jury verdict and judgment entered thereon in favor of the defendants. Cone sued Barbara Ellen Ragan and Thomas Mason, Jr. for personal injuries he allegedly sustained in a collision between his pickup truck and one driven by Miss Ragan.

The material facts are that the plaintiff Cone had stopped his pickup in the single south bound traffic lane on the west side of Three Notch Street in the business area of Troy, Alabama. While he was standing in the bed of his motionless truck unloading some equipment, the defendant, Barbara Ellen Ragan, ran the right front of the pickup truck, that she was operating,

against the left side of the rear bumper of the plaintiff's pickup. The impact on the collision threw the plaintiff to the bed of his truck, causing the injuries he complains of.

The co-defendant, Thomas Mason, Jr., owned the pickup that the other defendant, Barbara Ellen Ragan, was driving. Earlier that day, Mason had turned his truck over to John Thomas Ragan, Barbara's father, to carry a load of eggs to Atmore. There was evidence that Ragan was working for the defendant Mason. There was still other evidence that Ragan was employed as plant manager for Pete's Cackling Fresh Eggs, Incorporated, which was located at the defendant Mason's house in Union Springs, Alabama. Mason was an incorporator of the business. Ragan testified that it was customary for him to use Mason's truck to deliver eggs. On this trip, when he and his daughter left Union Springs, he turned the driving of the truck over to her. The accident occurred while she was driving the truck through Troy.

John Thomas Ragan was not named as a defendant in this case. He had not previously testified in the trial, when the plaintiff called him as a witness in his behalf. In response to the plaintiff's interrogation, Ragan testified that he had written the plaintiff a letter on November 17, 1968, some two weeks after the accident on November 2, 1968. When the plaintiff offered the witness' letter in evidence, the defendants objected to its introduction and the court sustained the objection. According to the plaintiff, he offered the letter to show: " * * * This is an admission against this man's interest." The letter is as follows:

"Nov. 17, '68

"Union Springs, Ala.

"Dear Mr. Cone

"I am the man whose daughter hit your pikcup (sic) in Troy yesterday was two weeks ago. Decided I would write and apologize for not saying any more about the accident than I did. I had put in two full weeks without any rest except at night. That is the reason my girl was driving. I haven't had the chance to attend to having the fender fixed yet. Decided to write and ask about your truck. I understood you to say it didn't do a (sic) any damage to your bumper. The accident report says there was $40.00 Damage. Wanted to ask what kind of insurance you have. We have collision with The American Road Insurance Co., and liability with Farm Bureau. Would appraciate (sic) an answer to let me know how we can come to an agreement. I don't want any hard feelings for I know it was our fault.

"Hoping to hear from you soon.

"I am, Cincerely (sic) yours

"Thomas Ragan
111 Cooper St.
Union Springs, Alabama
Phone 738 2783"

The plaintiff argues in brief that the ruling of the trial judge, sustaining the defendants' objection to the admission of the letter in evidence was in error. He insists " * * * [T]his letter would be an admission against the interest of his principal Thomas Mason, Jr. * * *" The plaintiff's view is that the relationship of principal and agent existed between Mason and Ragan, and that the statements made in the letter by the agent Ragan some two weeks after the occurrence of the accident were competent evidence as admissions against interest. The admissions by the agent fall clearly within the prohibition that a declaration against interest made by an agent as to a past transaction is not admissible as evidence against his defendant principal in the case.

In Alabama Great Southern R.R. Co. v. Hawk, 72 Ala. 112, 117, the court said:

"The rule is well established, that it is not within the scope of an agent's authority to bind his principal by admissions having reference to by-gone trans-

actions. The only ground upon which the admissibility of an agent's declarations can be justified, is, that they must have been made while in the discharge of his duties as agent, and be so closely connected with the main transaction in issue as to constitute a part of the res gestae.—Mobile & Mont. R.R. Co. v. Ashcraft, 48 Ala. 15; Tanner's Ex'r v. L. & N. R.R. Co., 60 Ala. 621; Robinson v. Fitchburg & W. R.R. Co., 7 Gray, 92; Baldwin v. Ashby, 54 Ala. 82; 1 Brick. Dig. p. 63, §§ 160–162."

Also in Louisville & N. R.R. Co. v. Carl, 91 Ala. 271, 272, 9 So. 334, 335, we said:

"What an agent says at the time of, and in connection with an act of agency, is admissible evidence against the principal. When, however, the act is past, and the statement is merely of such past transactions, such testimony is inadmissible. Railroad Co. v. Maples, 63 Ala. 601; Ware Co. v. Morgan, 67 Ala. 461; Railroad Co. v. Hawk, 72 Ala. 112; 9 Am. & Eng. Encyc. of Law, 348–349. * * *"

■ Ragan's subsequent declaration of fault, the admission of which the plaintiff sought to have let in evidence against Mason, was not uttered as a part of the res gestae when the accident occurred or so near in point of time as to be a part of the res gestae. Alabama Great Southern R.R. Co. v. Hawk, supra; Alabama Power Co. v. Sellers, 283 Ala. 137, 214 So.2d 833. And it was not admissible as original or independent evidence against the defendant Mason, because it was hearsay. Townsend v. Adair, 223 Ala. 150, 134 So. 637; C. C. Snyder Cigar & Tobacco Co. v. Stutts, 214 Ala. 132, 107 So. 73. Nor had a predicate been laid so as to make the statement admissible to impeach the witness Ragan, nor was it offered for that purpose. Alabama Power Co. v. Sellers, supra. Not only that, but the witness was called by the plaintiff who vouched for his veracity and could not ordinarily impeach him. Campbell v. Davis, 274 Ala. 555, 150 So.2d 187. The agent's declaration of fault was made as a voluntary ex parte statement and as a conclusion, asserted some two weeks after the accident had occurred. Ragan was not authorized to make the statement and it was not made within the line and scope of his agency for Mason. "* * * The admissions of an agent, to bind his principal, must be made at the time of doing some act in the execution of his authority." Bank of Phoenix City v. Taylor, 196 Ala. 665, 667, 72 So. 264, 265; Mutual Sav. Life Ins. Co. v. Hall, 254 Ala. 668, 669, 49 So.2d 298.

Quite apropos to the conclusion we reach is the following statement from 31A C.J.S. Evidence § 346, p. 846, viz.:

"The rule is that admissions made by an agent in a narrative statement of a past transaction cannot be received in evidence against his principal. The reason for such exclusion is sometimes stated to be that statements of this character are not part of the res gestae; but a ground of exclusion quite as potent may be found in a consideration of the fact that it is ordinarily no part of an agent's duty to prejudice his principal by narrative statements construing or otherwise affecting his principal's rights or liabilities, or to discuss the propriety of his conduct even with respect to the subject matter of the agency."

The letter was therefore inadmissible, and the objection was properly sustained.

There being no other grounds of the motion for a new trial argued, nor other assignments of error discussed, none will be considered by the court. Rule 9, Revised Rules of Practice in the Supreme Court, Appendix to Tit. 7, Code of Alabama, Recompiled 1958.

The judgment of the trial court is affirmed.

Affirmed.

HEFLIN, C. J., and COLEMAN, BLOODWORTH and MADDOX, JJ., concur.