WRIGHT, Presiding Judge.
Plaintiff appeals from judgment entered upon directed verdict for defendant and from judgment denying motion for new trial.
The issue is whether there was evidence produced to show negligence by defendant which proximately resulted in the injury and damage of plaintiff.
The plaintiff initially was Smith Lumber Company. Upon disclosure that Employer’s Casualty Company was plaintiff’s insurer and had paid to plaintiff all of its damages except $100, Employer’s was added as a plaintiff.
The complaint charged that plaintiff’s tractor-trailer truck and the tractor-trailer truck of defendant were traveling in the same direction on the highway at night. Defendant’s truck passed that of plaintiff. A short time thereafter, plaintiff’s driver observed a tire and wheel spinning on the highway in his lane of travel. In an effort to avoid striking the wheel, the driver left the highway and wrecked plaintiff’s truck. The truck was a total loss except as salvage. The damage of plaintiff was caused by defendant negligently allowing a spare tire to come unfastened and fall from its truck into the path of plaintiff’s truck.
Defendant admitted that its truck was involved in an accident, but denied negligence causing damage to plaintiff.
*420 Plaintiffs driver testified that he was operating the truck at a legal speed; another truck passed him; shortly thereafter, while the other truck was still in sight ahead, he saw a spinning wheel appear in his headlights directly ahead at a distance of about 20 feet; that he attempted to avoid the wheel, left the highway, struck a culvert, jackknifed the truck and destroyed it.
Plaintiff further elicited testimony from his driver that he had many years’ experience as a driver; that spare tires did come loose from trucks because of weak chains; that it was his normal practice as an experienced truck driver to inspect from time to time the chain by which the tire is secured underneath the trailer; that he had found a chain at the scene of the wreck and noted that the end of the snapper was broken off; that the driver of defendant’s truck came to the scene of the accident and told him that the wheel which he had seen in the road came from his truck.
Upon cross-examination, plaintiff’s driver reiterated that the snapper on the chain was broken but stated that he could not say it was defective. Upon redirect he stated that the manner of inspecting the securing chain was to examine it visually and perhaps pull at it to determine if it was tight.
There was no testimony connecting the chain found to defendant’s truck, nor that it was the type of chain by which a spare tire is usually secured on a truck. There was no testimony as to a defect in the chain which caused it to break. The chain was not placed in evidence nor explanation given as to where it was or who possessed it.
Defendant’s driver was then called as plaintiff’s witness. His testimony, as pertinent, was in substance as follows: He was driving a truck on the occasion as an employee of defendant Pennwalt Chemical Company; he passed a truck and shortly thereafter ran over a large bump in the highway; he heard a noise, looked in his mirror and saw sparks flying behind his truck; he pulled over and stopped; found that the tailgate of his trailer had come loose and was being dragged along the pavement by a chain; he saw the lights and dust where plaintiff’s truck had wrecked; he went to the wreck and found plaintiff’s driver; he lost a spare wheel from his truck and he could have lost it when he hit the bump; he did not see the wheel at the wreck.
On cross-examination, defendant’s driver stated that he and another had thoroughly inspected defendant’s tractor-trailer prior to beginning the trip; that they had placed new tires on the spare wheels and securely fastened them with the chains which originally came with the trailer when purchased two years before; that he had inspected the chain and pulled at it after it was fastened around the wheel; it was his opinion that the bump which he had passed over was sufficient to have caused the tailgate to bounce out of its slots and for the spare wheel to break loose.
At the conclusion of the plaintiff’s evidence, defendant moved for a directed verdict on the ground that plaintiff had presented no evidence of negligence by defendant. There was a colloquy between counsel and the court on the question of whether a scintilla of negligence was shown by the evidence of the broken chain. Plaintiff contended that the broken chain tended to show negligence of inspection. Plaintiff further contended that a statute, Title 36, Sec. 58(45), Code of Alabama (1940), applied and that the evidence showed a violation thereof and thus negligence per se by defendant.
After the colloquy, the court declared that plaintiff had failed to meet the burden of proving negligence and directed the jury that if they believed the evidence they must render verdict for defendant. Such verdict was rendered. Motion for new trial was denied. Plaintiff appealed. We affirm.
Plaintiff contends that there was negligence per se shown by the falling of the spare tire from defendant’s truck. The contention is stated to be founded upon a violation of Title 36, Sec. 58(45), Code. That statute is a rule of the road applying to the securing of loads being hauled by *421 trucks upon the highway. The statute is inapplicable to the facts of this case and cannot support the negligence per se theory of plaintiff.
Plaintiff further contends that the evidence of the broken chain furnishes a scintilla of negligence for the jury’s consideration. We cannot agree. The plaintiff did not connect the chain found at the scene in any way to the defendant. It was not shown that the chain described as having a broken snap was the chain used by defendant to secure the spare tire, nor that it was such a chain as was normally used upon trucks for that purpose. The chain was not produced at trial. It was not stated to be defective by anyone, or to have had a defect that could be found by a reasonable inspection. Though plaintiff used defendant’s driver as its witness, he was not asked to identify the chain found, nor if he had seen the chain after the accident. In fact, his testimony was that the chain used to fasten his spare tire had hooks on the end rather than snaps as stated by plaintiff’s driver.
Assuming that the broken chain was connected by the evidence to defendant’s spare tire and the jury could reasonably infer that it was defective and such condition could have been detected with proper inspection, plaintiff by his own witness rebutted absence of proper inspection. Plaintiff chose to place defendant’s driver on the stand without invoking Rule 43, ARCP. The driver stated that he not only inspected the vehicle and secured it prior to beginning the trip, but that he had installed the spare tire, secured it and checked it by pulling at it. Plaintiff was bound by the uncontra-dicted testimony of his own witness. Cone v. Ragan, 288 Ala. 352, 261 So.2d 28.
The duty of the operator of a motor vehicle upon the public highways is to see that it is in reasonably good condition so as not to present a source of danger to others. To fulfill such duty/ the operator must exercise reasonable care in inspection and operation. Al DeMent Chevrolet Co. v. Wilson, 252 Ala. 662, 42 So.2d 585. Plaintiff in this case alleged that defendant negligently allowed the spare tire to fall from its truck. In proof of the complaint plaintiff produced evidence that its truck struck a spare tire that fell from defendant’s truck, and its truck was thereby damaged. At this point, plaintiff might have sought to invoke the doctrine of res ipsa loquitur, and place the burden of going forward with the evidence upon defendant. Holmes v. Birmingham Transit Co., 270 Ala. 215, 116 So.2d 912. However, plaintiff did not do so and proceeded to try its case upon the theory of negligence per se resulting from violation of a rule of the road and upon the theory of a defective chain. In proceeding upon these theories plaintiff abandoned the benefit of any presumption of negligence which might have been available under the doctrine of res ipsa loquitur, and attempted to prove by his own testimony the particular negligence of defendant.
Having tried its case upon the stated theories, and having failed to produce any evidence of negligence, but to the contrary, establishing by its own witnesses that inspection and installation of the spare tire were without negligence, plaintiff failed to carry the burden of producing a prima facie case.
Plaintiff did not try the case upon the doctrine of res ipsa loquitur nor did it present the application of the doctrine as a ground of the motion for new trial. On appeal it is raised for the first time. It is too late. This court does not review a case on a theory different from that on which it was tried below. Bailey v. City of Mobile, 292 Ala. 436, 296 So.2d 149. Rule 15(b) ARCP has no application to this case.
Though not necessary to this opinion, we state that one of the three essentials necessary to be shown for the application of the doctrine of res ipsa loquitur was not shown by plaintiff’s evidence. That is, the circumstances were not such that according to common knowledge and experience the accident would not have happened unless defendant was negligent. The Supreme Court in Holmes v. Birmingham Transit Co., supra, held that evidence of such circumstances must be proved by *422 plaintiff before the doctrine may be applied. We further observe that in this case, the rationale for the doctrine of res ipsa loquitur is absent. That is, because of the circumstances surrounding the injury, the plaintiff cannot know and prove the cause therefor, but that defendant is possessed of superior knowledge due to his control of the instrumentality. DeBardeleben v. Tynes, 290 Ala. 263, 276 So.2d 126. The evidence here, as related, is that the chain which held the wheel broke. It was in the possession of plaintiff. Plaintiff had at least equal opportunity to establish the presence of a defect, and if it could have been discovered by defendant through proper inspection.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.