MADDOX, Justice.
The sole issue addressed in this appeal is whether the trial court erred to reversal in admitting certain hearsay testimony of statements made by an agént of the defendant. We reverse and remand for new trial.
This action was commenced in the Circuit Court of Morgan County. Plaintiff/appel-lee James O. Willis alleged that defendant/appellant The Davey Tree Expert Company,. an Ohio company which, among other *530 services, contracts nationwide to clear utility easements of trees and shrubs, had misrepresented its intention to employ Willis as a subcontractor for a three-year period to bury cable for Davey’s employer, South Central Bell Telephone Company. Willis started to work for Davey in January, 1976; his work was terminated by Davey six months later. All the questions in this case revolve around a meeting on December 28, 1975, between Davey representatives and Willis which was followed by Willis’ employment by Davey.
Willis sought recovery under two theories, one for breach of contract and one for fraud. Before trial Willis abandoned his theory of recovery for breach of contract, and his case was tried to a jury solely on the issue of Davey’s allegedly fraudulent representation. The jury rendered a verdict in favor of Willis in the amount of $185,000. Davey moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. The trial court overruled those motions and entered judgment on the verdict. Davey then perfected its appeal to this Court.
Willis is in the business of burying cable for the telephone company. He had worked for the Hill Service Company in the years preceding his employment by Davey in essentially the same position, as one of several subcontractors in connection with Hill’s easement work for the telephone company. Willis’ employment by Hill had been under a written contract.
Hill’s contract for the telephone work came up for bid in 1975; Davey rather than Hill was the successful bidder; and Davey was to take over the contract work from Hill as of January 2, 1976, or within four days after the crucial meeting between Da-vey representatives and Willis. It is undisputed that Davey’s representatives Ken Shuford and J. D. Brooks came to Birmingham to set up Davey’s operations and to interview some of Hill’s subcontractors to see if any of them were interested in continuing their wire-burying operations as subcontractors to Davey.
One of the subcontractors whom Davey contacted and interviewed was Willis. Both Willis and the Davey representatives testified at trial about their meeting at a Birmingham Holiday Inn on December 28, 1975. It was following this meeting that Willis commenced work for Davey in early January, 1976.
The parties disagree as to what representations were, in fact, made by Davey representatives and the intent with which the representations were made.
J. D. Brooks, an account manager for Davey, was present at the meeting and took notes. As Brooks recorded, and later testified, there was a discussion between Willis and Shuford, Davey’s area manager, about the price which Davey would be willing to pay Willis to perform wire-burying work. Willis and Shuford agreed that Willis would be paid his asking price of $.10 per foot for burying cable and would be paid various other agreed charges for other tasks to be performed by Willis; that Davey would consider paying license fees and liability insurance premiums and that Davey would furnish trailers and plows to Willis so that Willis could do the work.
Brooks testified that he did not recollect any statement by Willis that Willis would not work unless he was given a three-year contract. Indeed, Brooks expressly denied that either he or Shuford made any representation to Willis about the term of his employment, whether for three years or otherwise.
Ken Shuford, Davey’s area manager, was the person who allegedly made the “representation” about a three-year contract. Shuford testified that at the December meeting, there was no discussion about the term of the contract. In fact, Shuford testified that Willis approached him in April, 1976, after a draft contract had been prepared, and offered to forego a written agreement in favor of a “gentlemen’s agreement” for a three-year deal. Shuford stated that he had agreed to pay Willis on an interim experimental basis, the $.10 per foot Willis had demanded, but refused to consider a long-term deal unless Willis *531 would agree to discuss a reduction in the fees then being paid to Willis since Davey was losing money at those rates.
Needless to say, Willis’ recollection of the December meeting was different, especially as to the term of the agreement. Willis testified that at the December meeting he “made a real solid point” about a three-year period and that Shuford’s response was “[I]f we can agree you will have it as long as we have it.”
Davey raises several issues which it claims necessitate reversal; we discuss only one: Whether an agent’s declaration against interest of his principal may be admitted in evidence if it is not made contemporaneously with the transaction in issue.'
During the trial, one George Creel, a former Davey subcontractor, was questioned as to whether he had heard one Ronnie Roberts, a Davey supervisor, make any statement as to Davey’s intentions concerning the subcontractors. He answered, over objection:
“A. Ronnie Roberts told me from the start we should have even known then that they didn’t intend to keep any of us, he said they just needed us to get things going in order to get their own people and trucks down here so they could take it over without having any trouble.”
The evidence shows that Roberts was not an employee of Davey in December, 1975, when the discussions with subcontractors took place. In fact, Roberts did not join Davey until April, 1976.
Creel’s testimony about the claimed statement by Roberts was inadmissible and was erroneously introduced. In Cone v. Ragn, 288 Ala. 352, 261 So.2d 28 (1972), this Court reaffirmed the well-recognized proposition that an agent’s declaration against interest is not admissible if it relates to a past transaction. Quoting from Alabama Great Southern R. R. Co. v. Hawk, 72 Ala. 112, 47 Am.Rep. 403 (1882), the Court stated:
“The rule is well established, that it is not within the scope of an agent’s authority to bind his principal by admissions having reference to by-gone transactions. The only ground upon which the admissibility of an agent’s declaration can be justified, is, that they, must have been made while in the discharge of his duties as agent, and be so closely connected with the main transaction in issue as to constitute a part of the res gestae.”
288 Ala. at 353, 261 So.2d at 29. On the basis of Cone, Creel’s testimony about Roberts’ asserted statement was inadmissible.
We have examined the entire record and find that Davey was probably prejudiced by the erroneous admission of Creel’s testimony.
Because this reversal may be based upon this single issue, we do not address appellant’s argument that the evidence was insufficient to show that Davey had a present intent to defraud Willis at the time of the alleged misrepresentation.
The cause is due to be reversed and remanded for new trial.
REVERSED AND REMANDED.
TORBERT, C. J., and FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.