SEE, Justice
(concurring in part and dissenting in part).
I concur with those portions of the main opinion that hold that the meaning of the trust instrument is a question of law; that whether Mr. Brooks alone could withdraw funds from the trust account is a question of law; that the testimony of First Federal’s expert as to the meaning of the trust instrument was inadmissible; and that Ala.Code 1975, § 19-1-10, does not apply to shield First Federal from the Brookses’ claims. I respectfully dissent, however, from that portion of the main opinion that holds that First Federal’s allegedly wrongful acts are not within the purview of Ala.Code 1975, § 19 — 1— 9.
Section 19-1-9 reads as follows:
“If a fiduciary makes a deposit in a bank to his personal credit of checks drawn by him upon an account in his own name as fiduciary, or of checks payable to him as fiduciary, or of checks drawn by him upon an account in the name of his principal if he is empowered to draw checks thereon, or of checks payable to his principal and indorsed by him, if he is empowered to indorse such checks, or if he otherwise makes a deposit [to his personal credit] of funds held by him as fiduciary, the bank receiving such deposit is not bound to inquire whether the fiduciary is committing thereby a breach of his obligation as fiduciary; and the bank is authorized to pay the amount of the deposit or any part thereof upon the personal check of the fiduciary without being liable to the principal, unless the bank receives the deposit or pays the check with actual knowledge that the fiduciary is committing a breach of his obligation as fiduciary in making such deposit or in drawing such *646 check, or with knowledge of such facts that its action in receiving the deposit or paying the check amounts to bad faith.”
(Emphasis added.) Thus, there are two requirements for a bank to have immunity under § 19-1-9: (1) that the fiduciary, or agent, deposit money held as a fiduciary, or as an agent, into his personal account; and (2) that such deposits be made by “check” or “otherwise.” The main opinion does not dispute that the second requirement of § 19-1-9 — that such deposits be made by “check” or “otherwise” — expressly covers Mr. Brooks’s noncheck deposits of trust account funds into his personal account. However, the main opinion concludes that the first requirement of § 19-1-9 — that the fiduciary or agent deposit trust money into his personal account— is not implicated in this case because the Brookses “do not allege that First Federal is liable either for allowing Mr. Brooks to deposit trust funds into his personal account or for allowing him to misuse the trust funds deposited into his personal account.” 726 So.2d at 645. I disagree.
In general, 5 19-1-3 protects a bank that innocently allows a trustee to withdraw money from a trust account,[3] and § 19-1-9 protects a bank that innocently accepts deposits of trust funds into a trustee’s personal account. Thus, when two different banks are involved, the Uniform Fiduciaries Act would protect each bank as follows: Section 19-1-3 would apply exclusively to “Bank A” that holds the trust account from which the moneys are withdrawn, and § 19-1-9 would apply exclusively to “Bank B” that holds the trustee’s personal account into which the trust funds are deposited.[4] I cannot conclude that the Uniform Fiduciaries Act would provide less protection where the withdrawal and deposit are made at a single bank. Further, I cannot conclude that the transfers from the trust account to Mr. Brooks’s personal account at the same bank can be artificially separated by the plaintiff into withdrawal and deposit components in order to exclude the application of either § 19-1-3 (relating to withdrawals) or § 19-1-9 (relating to deposits). Instead, where the same bank holds both the trust account and the trustee’s personal account, as in this case, §§ 19-1-3 and 19-1-9 should be read together.
The overlapping operation of §§ 19-1-3 and 19-1-9 is clearly illustrated in Rheinberger v. First National Bank of St. Paul, 276 Minn. 194, 150 N.W.2d 37 (1967), in which a trustee wrongfully withdrew funds from a trust account in a bank and deposited those funds into his personal account at that same bank through an intrabank transfer. The Supreme Court of Minnesota held that the bank was not liable to the beneficiary under Minn. St. § 520.09, which is the equivalent of Alabama’s § 19-1-9. 276 Minn, at 198, 150 N.W.2d at 40 (“In our opinion the transfer of funds by debiting the old account and crediting the new account falls within the scope of [§ 520.09].”). The court noted that the bank was also shielded from liability by Minnesota’s equivalent of § 19-1-3. Id. at 201, 150 N.W.2d at 42 (“Nor was [the bank] under any duty after the transfer was completed to insure that the [trustee] did not misuse these funds. Minn. St. 520.02.”).
Although only § 19-1-9 has been directly raised in this appeal, I would interpret § 19-1-9 as being in pari materia with § 19-1-3 in this intrabank-transfer case. The application of § 19-1-9 to intrabank transfers appears particularly appropriate when the basis of the plaintiffs claim is conversion of trust *647 property. When a single transfer both takes money from the trust account and places it in the trustee’s personal account, it effects a conversion that is complete only upon the deposit into the personal account. Thus, § 19-1-9 is directly implicated even where the plaintiff casts his complaint so as to artificially separate the withdrawal component of the intrabank transfer from the deposit component of that same transfer. In short, exclusive application of § 19-1-3 to intrabank transfers ignores the reality of the conversion transaction, the text of § 19-1-9, and the purpose of the Uniform Fiduciaries Act.
HOOPER, C.J., concurs.

. Section 19-1-3 states:
“A person who in good faith pays or transfers to a fiduciary any money or other property which the fiduciary as such is authorized to receive, is not responsible for the proper application thereof by the fiduciary; and any right or title acquired from the fiduciary in consideration of such payment or transfer is not invalid in consequence of a misapplication by the fiduciary.”

. For example, in Heffner v. Cahaba Bank & Trust Co., 523 So.2d 113 (Ala.1988), an executrix deposited estate funds into her personal account at a bank. The funds came from a draft payable by a life insurance company, not from an estate account at the same bank into which the deposit was made. Thus, this Court properly analyzed the potential liability of the bank for withdrawals from that account under Ala.Code 1975, § 19 — 1— 9. Unlike the deposits in Heffner, however, the moneys deposited in Mr. Brooks’s personal account came from a fiduciary account held at the same bank.