469 So.2d 1281 (1985)
Barry L. BOOTH
v.
UNITED SERVICES AUTOMOBILE ASSOCIATION.
83-714.
Supreme Court of Alabama.
April 19, 1985.
Robert T. Cunningham, Jr. and Richard E. Browning, Mobile, for appellant.
Caine O'Rear III and Kathryn E. Errington of Hand, Arendall, Bedsole, Greaves & Johnson, Mobile, for appellee.
ADAMS, Justice.
Plaintiff, Barry L. Booth appeals from the summary judgment entered against him and in favor of the defendant, United Services Automobile Association, in the Mobile County Circuit Court. We reverse.
Briefly, the facts of this case are as follows:
In December 1974, Booth purchased a homeowner's insurance policy from United Services Automobile Association (USAA) for his beach house on Fort Morgan Road in Baldwin County, Alabama. The policy had a maximum coverage of $28,000.00. He also had a policy with USAA which covered his residence in Montrose, Alabama. The limit of that policy was $120,000.00.
In the summer of 1979, Booth received a letter from USAA which suggested that he increase the coverage on his residence in Montrose. Booth subsequently filled out *1282 the form and mailed it back to USAA. Upon receipt of the form, USAA raised the policy limits on the Montrose residence from $120,000.00 to $150,000.00. Booth claimed that he sent a similar form back to USAA at the same time to effectuate an increase in the policy limits on the Baldwin County beach house from $28,000.00 to $90,000.00. USAA denied ever having received the form, or having any correspondence with Booth about increasing the coverage on the beach house prior to the end of September 1979.
On September 12, 1979, Hurricane Frederic struck the Gulf Coast and destroyed Booth's beach house. Approximately two weeks later, Booth contacted a representative from USAA regarding the beach house loss. It was at this time, USAA claimed, that it was first made aware of the supposed increase in coverage. Booth asserted that, pursuant to the form he claimed to have mailed to USAA in July of 1979, the maximum coverage for the beach house was $90,000.00. USAA maintained its position that it had received nothing from Booth, and, therefore, the policy limit remained $28,000.00.
USAA sent Booth a check for $7,000.00, representing payment of Booth's claim. After holding the check for a while, Booth cashed it, and filed this suit against USAA for the remaining $83,000.00 he claims USAA owes him under the policy. After the pleadings were filed, USAA filed a motion for summary judgment, which the court granted. It is from that judgment that Booth appeals.
The sole issue for our review is whether the trial court erred when it granted USAA's motion for summary judgment.
The standard used by a trial court to determine if summary judgment should be granted is stated in Rule 56, Alabama Rules of Civil Procedure. In order for the court to grant summary judgment, it must find that there is no genuine issue of a material fact and that the movant is entitled to a judgment as a matter of law. Silk v. Merrill Lynch, Pierce, Fenner & Smith, 437 So.2d 112 (Ala.1983). The burden of proof is on the movant to show that there is no genuine issue of fact that the jury must decide in the case. Worley v. Worley, 388 So.2d 502 (Ala.1980). Also, the scintilla rule has been applied to summary judgment cases, and that rule increases the burden of proof borne by the movant. Therefore, if there is a scintilla of evidence which supports the position of the non-movant, summary judgment must not be granted. Silk v. Merrill Lynch, Pierce, Fenner & Smith, supra.
In the instant case, the question is whether the policy limits on Booth's beach house were increased from $28,000.00 to $90,000.00. In order to make this decision, certain facts which are not admitted must be determined. For instance, it must be determined what, if anything, was written to the plaintiff by the defendant in the summer of 1979. What was the reply of the plaintiff to whatever the defendant may have written him? Did the plaintiff make the first communication, reasonably requiring a reply from the defendant? Also, did plaintiff actually mail his response? We have said:
It is axiomatic that summary judgment is to be granted to the moving party only where it is clear from the evidence presented that there is no genuine issue as to any material fact. On such motion the court cannot try issues of fact. Rather, it may only ascertain whether there are issues for a jury to determine. If, under any conceivable set of circumstances the plaintiff may recover, the trial court must deny the motion for summary judgment. Rule 56 ARCP; Donald v. City National Bank of Dothan, 295 Ala. 320, 329 So.2d 92 (1976) [emphasis added].
Horton v. Northeast Alabama Regional Medical Center, Inc., 334 So.2d 885, 888 (Ala.1976).
Appellant Booth has proffered at least two theories upon which he may recover: (1) that the letter Booth sent back to USAA was Booth's acceptance of USAA's offer to increase coverage on the beach house, and *1283 (2) even if the letter Booth sent to USAA was only an offer or an invitation to make an offer, USAA was under a duty to act upon the request within a reasonable time, which it arguably did not do in this case.
Since Booth does have a chance of ultimately recovering from USAA, USAA not having met its burden of proving no genuine issue as to any material fact, we find that the summary judgment should not have been granted in this case. Therefore, we reverse the decision of the trial court and remand the cause for proceedings consistent with this opinion.
REVERSED AND REMANDED.
FAULKNER, ALMON and EMBRY, JJ., concur.
TORBERT, C.J., concurs specially.
TORBERT, Chief Justice (concurring specially).
I agree that summary judgment was inappropriate. In concurring, I do not necessarily agree with the implication that plaintiff has stated two good theories of recovery.