PER CURIAM.
This is an appeal by the plaintiff, Citizens Bank (hereinafter Bank), from an order granting summary judgment in favor of the defendants, the Leonard Preuit Estate and E.F. Mauldin, doing business as a partnership (hereinafter Partnership), in a suit for conversion and wrongful attachment. We affirm.
On February 16, 1982, the Partnership brought an action pursuant to Code 1975, § 35-11-111, to enforce a mechanic’s lien against Samuel Jones, Jr., for work done on an International Harvester 416 cotton picker owned by Jones. Upon investigation, the Partnership discovered that the Bank had filed a financing statement evidencing a prior security interest in the machine; so the Partnership joined the Bank as involuntary plaintiff in the action. A default judgment was entered against Jones for failure to answer, and a hearing was conducted to determine the respective interests of the Bank and the Partnership.
Following a brief hearing, the court announced from the bench that the Bank’s security interest was defective and so the Partnership’s mechanic’s lien was entitled to priority in the collateral. Accordingly, the court directed the clerk to sell the cotton picker to satisfy the judgment entered against Jones. On July 30, 1982, the Bank filed notice of appeal.
On August 4, 1982, the Bank filed a motion for stay of judgment pending disposition of the appeal. However, the Bank failed to file a supersedeas bond in support of its motion. The court entered an order on the case action summary sheet that provided: “Must file Supersedeas Bond; otherwise stay will not be granted, /s/ Billy C. Burney.” Still no bond was filed. Soon after, the clerk of the Lawrence County Circuit Court was directed to advertise and sell the collateral. On August 30, 1982, the cotton picker was sold at a public sale for cash to the highest bidder. The proceeds of the sale were deposited into the registry of the circuit court. On September 13, 1982, the sale was confirmed by the court.
Two months later, on November 24, 1982, the Alabama Court of Civil Appeals rendered a judgment reversing the determination of priority made by the lower court. The court held that the Bank was entitled to priority over the Partnership, as it had a valid prior perfected security interest in the cotton picker. Citizens Bank v. Preuit Estate, 425 So.2d 470 (Ala.Civ.App.1982). In light of that decision, thé Bank instituted this action against the Partnership, seeking compensatory and punitive damages for wrongful attachment and conversion.
We believe the resolution of this case is controlled by the recent case of St. Regis Paper Co. v. Kerlin, 476 So.2d 468 (Ala.1985). The facts of this case are very similar to the ones found in Kerlin. In that case, Mr. Kerlin owned a five-acre tract of land upon which trees had been planted in a tree farm operation of the St. Regis Paper Company. In a suit to quiet title to this *105 tract of land, St. Regis’s lessor was deemed to be the owner of the land through adverse possession and Kerlin appealed. During the pendency of the appeal, in which Kerlin did not file a supersedeas bond, St. Regis cut and sold all the timber on the disputed land. This Court later reversed the trial court’s determination as to who owned the property. The trial court then entered a summary judgment in Kerlin’s favor. Kerlin then instituted an action for conversion against St. Regis. In reversing the trial court’s denial of a directed verdict for St. Regis, we said:
“A judgment rendered by a court having jurisdiction protects the parties acting under it before a reversal or stay and constitutes a sufficient justification for all acts done in its enforcement before it is set aside on appeal....
“Since Kerlin failed to post a superse-deas bond, the trial court’s judgment that Tensaw [the lessor] owned the property remained valid and enforceable until that judgment was reversed on appeal. ... The acts of either Tensaw or St. Regis Paper Co. under such a judgment, therefore, cannot be made the basis of an action for damages in tort....”
Kerlin, supra.
In the present case, the Bank also did not file a supsedeas bond and, because of this, the trial court did not grant the Bank’s motion for a stay of execution pending the appeal. In the absence of this stay, the trial court’s decision that the mechanic’s lien secured by the Partnership was entitled to priority over the Bank’s security interest remained enforceable. The act of having the cotton picker sold to satisfy the mechanic’s lien could not be the basis of an action for damages in tort. Kerlin, supra. Therefore, the trial court’s grant of a summary judgment to the Partnership in the suit for conversion and wrongful attachment was appropriate. However, the Bank may still be able to recover under the equitable theory of restitution. Kerlin, supra.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, BEATTY and ADAMS, JJ., concur.