485 So.2d 717 (1986)
Fannie COLE
v.
The FIRST NATIONAL BANK OF TUSKALOOSA, a national banking association.
84-1044.
Supreme Court of Alabama.
February 28, 1986.
*718 Andrew J. Smithart III and Larry Bradford of Lee, Barrett & Mullins, Tuscaloosa, for appellant.
David L. Carroll of Rosen, Harwood, Cook & Sledge, Tuscaloosa, for appellee.
FAULKNER, Justice.
This is an appeal from a summary judgment in favor of the First National Bank of Tuskaloosa. We reverse.
Fannie Cole of Birmingham purchased a 1977 Cadillac Seville from Barkley Pontiac-Cadillac, Inc., of Tuscaloosa on June 27, 1983. The purchase price was $9,230.10. Cole made a down payment of $3,000.00. The balance was financed under a security agreement with Barkley over a period of thirty months, the first payment to be made on August 8, 1983. Barkley assigned the security agreement to the First National Bank of Tuskaloosa on June 28, 1983, under a contract with the Bank dated September 2, 1980.
The security agreement provided, among other things, that Cole would, at her cost, insure the car against fire, theft, and collision during the term of the agreement. But, if Cole did not purchase insurance, the Bank, at its option, could purchase a "single interest only" insurance policy and charge the premium to Cole, who must pay it in equal installments concurrently with the security agreement payments.
Cole applied to Motors Insurance Company for insurance on the car. The company did not accept her application, and notified Cole on July 7, 1983, of its non-acceptance and sent a copy of its notice to the Bank. Subsequently, the Bank obtained a single interest only policy on July 29, 1983. The premium amounted to $1,054.00, and insured the car to January 8, 1986.
Immediately after the purchase, Cole experienced mechanical problems with the car. She took the automobile back to Barkley for repairs. Barkley either could not or would not repair it. In late August 1983, Cole took the car to Scoles Cadillac in Birmingham. Scoles told her that the car was unsafe to drive. She then gave notice to Barkley to return her money and take possession of the car. Barkley refused. On the advice of counsel, Cole did not pay any *719 installment on the contract after October 8, 1983.
Cole filed a breach of warranty suit against Barkley in the Tuscaloosa Circuit Court. The filing date is not shown in the record.
On February 6, 1984, the Bank filed a complaint against Cole in the Jefferson Circuit Court, praying for an order to the sheriff to repossess the car from Cole. The complaint was bottomed on Cole's failure to purchase insurance (even though it can be seen from the facts stated above that the Bank had already insured the car with a single interest only insurance policy). On February 7, 1984, a writ of detinue was issued by the Jefferson Circuit Court, and the car was seized by the sheriff. On February 23, 1984, the writ was dissolved, and according to the court order the Bank was to hold the car in storage pending further orders of the court. The case was transferred to the Circuit Court of Tuscaloosa County to be consolidated with the lawsuit filed by Cole against Barkley for breach of warranty. Cole also filed a counterclaim against the Bank for conversion of the automobile. She alleged that she was in rightful possession of the car when the Bank filed the detinue action and obtained possession of the car. The trial court granted a partial summary judgment in favor of the Bank on Cole's counterclaim for conversion.
Summary judgment is proper only if there is no genuine issue as to a material fact. Booth v. United Services Automobile Ass'n, 469 So.2d 1281 (Ala.1985); Rule 56, A.R.Civ.P. If there is a scintilla of evidence which supports the position of the non-moving party, summary judgment should not be granted. Booth v. United Services Automobile Ass'n, supra.
Whether Cole revoked her acceptance or was in default is a question of fact in this case. In order to have an effective revocation of acceptance, sufficient notice must be given to the seller. Alabama Code (1975), § 7-2-608(2).
At least a scintilla of evidence was presented to show that Cole revoked her acceptance by giving notice to Barkley. Cole's affidavit stated, in part, as follows:
"Sometime during the last part of August, the problems had become so severe with the car that I could no longer drive it. I had taken the car to Scholes [sic] Cadillac in Birmingham and they had told me that the car was unsafe to drive. At this point, I just did not know what to do. The people at Barkley Pontiac-Cadillac in Tuscaloosa told me that they were tired of fooling with me and my car and they would not pay the Scholes [sic] bill. I told them that I wanted them to just take the car back and give me my money back. They would not do this so I contacted a lawyer in Birmingham."
Cole also stopped making payments two months after she told Barkley she wanted her money back.
This evidence creates a question of fact: whether sufficient notice of revocation of acceptance was given.
A question of fact was also presented on the issue of whether Cole was in default for failure to maintain insurance, in light of the fact that insurance was in effect on the car at the time the detinue action was filed.
We do not determine whether a wrongful suing for detinue supports a claim for conversion. The only issue before us is whether a scintilla of evidence was presented to create a genuine issue of material fact relating to revocation of acceptance and default for failure to maintain insurance. In the context of the substantive questions presented, we find that genuine issues of material fact were presented; therefore we reverse the judgment of the trial court.
REVERSED AND REMANDED.
JONES, ADAMS and HOUSTON, JJ., concur.
TORBERT, C.J., concurs in the result.
*720 TORBERT, Chief Justice (concurring in the result).
Although it was not raised by the parties, there is a serious question presented in this case as to whether Cole has a claim for conversion against the bank, in light of the fact that the bank obtained the property by virtue of a court order. See, St. Regis Paper Co. v. Kerlin, 476 So.2d 64 (Ala.1985); Citizens Bank v. Mauldin, 476 So.2d 103 (Ala.1985). However, because it has not been presented by the parties in this appeal, that issue is not ripe for decision.