HOLMES, Judge.
This is a workmen’s compensation case.
The employee sustained injuries to his face in an automobile accident which occurred during the course of his employment. He received temporary total disability benefits, and his medical expenses were paid. The employee brought the instant suit for permanent partial disability benefits under Ala.Code (1975), § 25-5-57(a)(3).
The trial court granted the employee’s motion for summary judgment and awarded him benefits for one hundred weeks for serious disfigurement pursuant to Ala. Code (1975), § 25-5-57(a)(3)a.34.
The employer appeals. We reverse and remand.
Summary judgment is proper only where there is no genuine issue of a material fact and the moving party is entitled to a judgment as a matter of law. Booth v. United Services Automobile Association, 469 So.2d 1281 (Ala.1985); Sadie v. Martin, 468 So.2d 162 (Ala.1985).
Summary judgment should not be granted if there is even a scintilla of evidence which supports the position of the nonmov-ant. Alabama Citizens Action Program v. Kennamer, 479 So.2d 1237 (Ala.1985); Booth, 469 So.2d at 1282.
Applying these well-known rules in the instant case, it is clear that the learned trial judge erred in granting summary judgment to the employee.
*71 Ala.Code (1975), § 25-5-57(a)(3)a.34., provides for permanent partial disability benefits “[f]or serious disfigurement ... materially affecting the employability of the injured person in the employment in which he was injured or other employment for which he is then qualified” (emphasis supplied).
Our review of the record' indicates that there is a question of fact regarding whether the employee’s disfigurement “materially affect[ed] his employability,” a requirement for compensation under § 25-5-57(a)(3)a.34.
We note first that in neither his motion for summary judgment nor in his affidavit submitted in support thereof did the employee actually contend that his disfigurement had materially affected his employa-bility.
In his deposition the employee explained that he had been responsible for maintaining the salad bar in one of the employer’s restaurants. He testified that he was terminated by the employer because he would not face the public due to his scars and “did not want to get around the salad bar.”
However, the employee testified in the same deposition that he had an argument with the employer’s district manager, not about the employee’s inability to face the public, but about his request for two days off of work for his anniversary. The employee stated that the district manager told him “to just blankety-blank out of his store,” that he did leave, and that he did not return.
The employee further testified in deposition that, following his termination by the employer, he was employed by the United States Army as a “recreational specialist.” He claimed that he still had a problem psychologically in being around people at that time, but admitted that his job as a recreational specialist required much contact with people. The employee requested and was granted a discharge from the army for reasons unrelated to his problem of facing people.
We find that the employee’s own deposition testimony created a question of fact as to whether his disfigurement materially affected his employability with either the employer or subsequently with the United States Army. Thus, summary judgment as to the employee’s entitlement to benefits under Ala.Code (1975), § 25-5-57(a)(3)a.34., was improper.
We should not be understood as concluding that the employee is not entitled to workmen’s compensation — only that summary judgment is inappropriate.
This case is due to be reversed and the cause remanded to the trial court for proceedings not inconsistent herewith.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.