MADDOX, Justice.
The plaintiffs minor son was involved in an automobile accident with one of the defendants, Connie Chambers. At the time of the accident, Chambers was delivering the Gadsden Times newspaper, which is produced by another defendant, the Gadsden Times Publishing Corporation (“GTPC”). The plaintiff sued Chambers and GTPC for property damages of $2,155.23 and demanded $15,000 in punitive damages. In his complaint, the plaintiff alleged that, at the time of the accident, Chambers was working within the line and scope of her duties as an employee of GTPC. The trial judge, after two hearings, granted GTPC’s motion for summary judgment on the basis that Chambers was an independent contractor and not an employee. The judgment was made final pursuant to Rule 54(b), Ala.R.Civ.P., and the plaintiff brought this appeal.
Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P. If there is a scintilla of evidence to support the position of the non-moving party, summary judgment cannot be granted. Cole v. First National Bank of Tuskaloosa, 485 So.2d 717 (Ala.1986).
In this case, the plaintiff argues that there is a scintilla of evidence that Chambers was an employee of GTPC and not an independent contractor. To recover against a defendant on the theory of re-spondeat superior, it is necessary for the plaintiff to establish the status of master and servant and to establish that the act was done within the scope of the servant’s employment. Solmica of the Gulf Coast, Inc. v. Braggs, 285 Ala. 396, 232 So.2d 638 (1970). For one to be an employee, the other party must retain the right to direct the manner in which the business shall be done, as well as the results to be accomplished, or, in other words, not only what shall be done, but how it shall be done. Id.
If there was a scintilla of evidence to indicate that GTPC retained this control over Chambers, then the summary judgment was improper. We hold that such a scintilla was shown. The plaintiff contends that the following facts, taken from Chambers's affidavit, create a scintilla of evidence that she was an employee of GTPC, rather than an independent contractor:
a. GTPC told her exactly what route to take, and which mailboxes to stop at;
b. she never varied from that route;
c. she took instructions from Marie Moon, her supervisor, whom she also referred to as her “boss lady”;
d. Marie Moon, her “boss lady” or supervisor was in “control” of the rural route carriers;
*959 e. she was told by GTPC who the customers were and she never solicited customers;
f. she was told by GTPC of any complaint by a customer and exactly how to correct the problem;
g. she was restricted to certain delivery areas;
h. customers paid her sometimes by checks made out to her and sometimes by checks made out to GTPC, and she was authorized to endorse those checks made out to GTPC;
i. GTPC took out insurance on her and charged her for premiums;
j. the insurance carrier was selected by GTPC and the insurance policy was carried in its name;
k. GTPC paid her a set salary of $10 per month for delivery of a newspaper supplement on Wednesdays and that delivery was a required part of her continued employment with GTPC;
l. instructions from her “boss lady,” Marie Moon, were given by way of an oral tape recording, which told her how many papers to leave at each box and exactly where to stop and go, and without this tape she would have been “lost”;
m. she said she was an “employee” of GTPC, in response to a question asked by the attorney for GTPC;
n. she did not know the customers’ names;
GTPC counters by saying that the following facts are undisputed:
a. Connie Chambers was assigned a paper route, as is the usual and common practice for all paper carriers;
b. she purchased the papers at wholesale and was obligated to pay for the number of papers she purchased, no matter whether they were sold or whether she had difficulty in collecting from her customers;
c. she sold the papers at retail and her profit was the difference between what she paid for the papers and what she collected;
d. she bore all the expenses entailed in her business, including furnishing her own transportation, and there was no requirement that she have automobile liability insurance;
e. she entered into a written independent contractor agreement in which she indicated that she fully understood her relationship as an independent contractor and understood that she was on her own and that GTPC would not be liable for any of the problems or damages which might be occasioned by her acts;
f. there were no deductions for Social Security or federal or state taxes, and she was not on the GTPC payroll as an employee.
This case is controlled by our recent case of Brown v. Commercial Dispatch Publishing Co., 504 So.2d 245 (Ala.1987). Although there is substantial evidence to indicate that Chambers was acting independently of GTPC, there is a scintilla of evidence to indicate that she was acting as the servant of GTPC.
Cases from other jurisdictions involving the carrier/newspaper publisher relationship are divided as to when a jury question exists on the issue of agency; however, those cases are in accord with the rule that whether there is a jury question depends on the facts of the particular case. See, Annot., 55 A.L.R.3d 1216 (1974).
GTPC relies heavily on Birmingham Post Co. v. Sturgeon, 227 Ala. 162, 149 So. 74 (1933), which was a worker’s compensation case. That case is distinguishable. It was not submitted to the trial court on a motion for summary judgment or decided by directed verdict. The court as the trier of fact found in favor of the Birmingham Post Company.
Because there was a scintilla of evidence to indicate an employment relationship, the trial court’s judgment is reversed and the cause is remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and BEATTY and HOUSTON, JJ., concur.
ALMON, J., concurs in result.