HORNSBY, Chief Justice,
dissenting.
I believe that our decision in Price v. Management Safety, Inc., 485 So.2d 1093 (Ala.1986), controls and makes summary judgment improper.
The fact that the defendant did not actually observe the pieces of equipment that allegedly caused the accident is not controlling, because here, as in Price, the plaintiff alleges and offers some proof that the defendant assumed a duty to inspect the training facility and was negligent in doing so. Sheenan’s duties required him to perform and conduct insurance surveys of *23 commercial risks and to service accounts for loss control purposes. Sheenan’s job description required him to evaluate risks and identify potential hazards and loss activity and to possess extensive knowledge of all insurance coverages within the spectrum of insurance inspection, fire and building code requirements, and rules and regulations pursuant to the Occupational Safety and Health Act.
As in Price, the plaintiff produced expert testimony that defendant should have known about the danger, specifically that Sheenan’s inspection was faulty in failing to determine that firemen were working at great heights without adequate safety precautions.
“ ‘The purpose of the motion for summary judgment is to test the sufficiency of the evidence to determine if any real issue exists.’ Garrigan v. Hinton Beef and Provision Co., 425 So.2d 1091, 1093 (Ala.1983). The fundamental principles of law controlling both the propriety of the trial court’s determination as to the sufficiency of the evidence on a motion for summary judgment and our review of that determination on appeal are the same, and are so often stated as to be axiomatic. The party moving for summary judgment bears the heavy burden of clearly showing: 1) That there is an absence of a genuine issue of any material fact; and 2) that, because there is no factual controversy, the movant is entitled to a judgment as a matter of law. The facts before the trial court, however, must be viewed in a light most favorable to the nonmoving party. The nonmoving party is entitled to any reasonable inference to be drawn from those facts before the trial court; and, if such inference presents even the slightest issue of material fact, there is a question for determination by a jury and summary judgment cannot be granted.”
Tripp v. Humana, Inc., 474 So.2d 88 (Ala.1985). Summary judgment was not proper if there was a scintilla of evidence that supported the position of the non-moving party.[1] Cole v. First National Bank of Tuskaloosa, 485 So.2d 717 (Ala.1986). I believe the defendant failed to carry its burden, in light of the plaintiff’s evidence, and that summary judgment for the defendant was therefore inappropriate.

. Because suit was filed prior to June 11, 1987, the effective date of Code 1975, § 12-21-12, the "substantial evidence” rule does not apply. I would note that in my view, the result in this case is not dependent upon the standard of review employed.