KENNEDY, Justice.
This is an appeal from a summary judgment, made final pursuant to A.R.Civ.P. 54(b), in favor of the appellee, International Micro Systems (“I.M.S.”). We affirm in part and reverse in part.
The issue is whether sufficient consideration existed between the appellant and ap-pellee to form a contract.
The plaintiffs in the original complaint were the Medical Clinic Board of the City of Geneva, Alabama, and Drs. Thomas Parish and Michael Precise, who were partners in a dental practice. The defendants were Robert Harris, individually and d/b/a Copy Data of Dothan; Walter Craddock; Frank Campbell; and Aaron Brown. The complaint arose from the following facts: Campbell owned a computer-related dealership, and the majority of his customers were small businesses. Campbell entered into an agreement with I.M.S. to sell its software packages. Campbell then sold an I.M.S. package to Drs. Parish and Precise. Not long after they purchased the package, the dentists began experiencing serious problems with the operation of the software. Campbell went back to I.M.S. and disclosed the problems the dentists were having. Campbell consulted several times with I.M.S. employees in an attempt to remedy the dentists’ problems. During this time, I.M.S. informed Campbell that it would refund the package to I.M.S. Several months later, I.M.S. informed Campbell that it would not honor the refund offer. The dentists sued Campbell, and others, not including I.M.S., for breach of contract, breach of warranty, and fraud. Campbell then filed a third-party complaint against I.M.S., alleging breach of contract and breach of express and implied warranties. The trial court entered summary judgment on all counts in favor of I.M.S.
On appeal, Campbell and I.M.S. agree that a refund offer was made. However, Campbell claims that I.M.S. never gave him the refund authorization paperwork that was needed to receive credit for the package. I.M.S. states that it approved the return of the package, but that the refund offer was made nearly a year after the dentists had purchased the package, and was made without any consideration flowing from Campbell to I.M.S. Both parties agree that the refund offer was ultimately withdrawn by I.M.S.
In his arguments, the appellant Campbell makes no mention of the claims for breach of warranty. We must assume that he accepts the trial court’s ruling regarding breach of warranty. Therefore, the sole issue is whether mutual consideration existed in regard to the refund offer made by I.M.S.
I.M.S. argues that Campbell gave no consideration in exchange for its promise to refund the software package. The promise, it argues, was merely gratuitous, and, therefore, it argues, that retraction did not constitute a breach of contract. Based on these arguments, I.M.S. concludes that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law. Rule 56(c), A.R.CÍV.P.; Booth v. United Services Auto. Ass’n, 469 So.2d 1281, 1282 (Ala.1985).
To determine whether summary judgment is proper, the trial court must examine all materials submitted in opposition to the motion. Braswell Wood Co. v. Fussell, 474 So.2d 67, 69 (Ala.1985). This includes Campbell’s affidavits and his deposition. In his deposition, Campbell stated the following regarding his relationship with I.M.S.:
“Q Did you acquire it?
“A No, I did not acquire it. They offered me a dealership.
“Q Did you take it?
“A Yes, I took the dealership.
“Q You had the I.M.S. dealership?
*148 “A I had a dealership. I had a license with them to sell.
“Q Just for the one legal package?
“A Well, I explained to them that we were small and, hell, I probably wouldn't sell more than one or two packages of them.
“Q I understand. But, is that the only package you ever ordered from them?
“A I didn’t order a legal package from them. Only package I ever ordered from them was the one for the dentists.”
When reviewing a summary judgment, this Court must view the evidence in a light most favorable to the nonmovant. Tripp v. Humana, Inc., 474 So.2d 88, 90 (Ala.1985).
Campbell states that I.M.S. offered him a dealership to sell its software packages. The package at issue here was the first package Campbell sold for I.M.S. Thus, I.M.S. had a vested interest in properly servicing Campbell’s customers: to make sure that Campbell would enthusiastically recommend their product to his customers. Without a promise to refund the software package, I.M.S.’s reputation for servicing its product would be tainted, and Campbell, in turn, might choose to sell another company’s product. I.M.S. met several times with Campbell in an attempt to get the software problem corrected. According to Campbell, I.M.S. offered suggestions to him and encouraged him to solve the dentists’ problems. During this time, I.M.S. continued to tell Campbell that it would refund the package if his efforts were unsuccessful. The consideration that Campbell returned was his implied promise to continue to stand behind the I.M.S. package and to continue to service the dentists’ system. “Adequate consideration exists, or is implied, if it arises from any act of the plaintiff from which the defendant derived a pecuniary benefit if such act was performed by the plaintiff to the desired end, with the express or implied assent of the defendant.” Files v. Schaible, 445 So.2d 257, 260 (Ala.1984).
Based on the evidence before this Court, we conclude that Campbell presented a scintilla of evidence that consideration flowed from both parties and, therefore, that a contract existed. We believe that Campbell did put forth a genuine issue of material fact and that summary judgment was improper as to the breach of contract claim. Therefore, we affirm the summary judgment as it relates to the breach of warranty claims and reverse it as it relates to the breach of contract claim. We remand for proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.