MOORE, Chief Justice
(dissenting).
On August 31, 2011, Leon Johnson (“Leon”) was delivering newspapers when his vehicle struck Patricia Owen (“Patricia”), causing injuries that eventually led to her death. On September 11, 2011, Dolores Owen, individually and as personal representative of Patricia’s estate (“Owen”), brought a wrongful-death action against the Tennessee Valley Printing Company d/b/a The Decatur Daily (“TVPC”). Owen alleged that on the day of the accident Leon was delivering TVPC’s newspapers for his wife Carolyn Johnson (“Carolyn”), who had a contract with TVPC to deliver copies of The Decatur Daily. TVPC moved for a summary judgment, arguing that it was not hable for Patricia’s death because, it said, Carolyn was an independent contractor, not its agent. The trial court granted TVPC’s summary-judgment motion. Owen appealed to the Court of Civil Appeals, which affirmed the judgment of the trial court. Ex parte Owen, 168 So.3d 1221 (Ala.Civ. App.2014). Owen then petitioned this Court, for a writ of certiorari, which the Court now denies.
In order to establish an agency relationship between Carolyn and TVPC, Owen must have shown that TVPC had the right to dictate not only the results of Carolyn’s work but also the manner in which it would be done. Jenkins v. Gadsden Times Publ’g Co., 521 So.2d 957, 958 (Ala.1988); Brown v. Commercial Dispatch Publ’g Co., 504 So.2d 245, 246 (Ala.1987); and Atchison v. Boone Newspapers, Inc., 981 So.2d 427, 431 (Ala.Civ.App.2007).
Owen’s petition states:
*1235 “Carolyn Johnson testified that when she began delivering Decatur Daily newspapers, someone from The Decatur Daily, an area manager or district manager named ‘Tina,’ would ride with her on her route during her first two or three days delivering newspapers. Carolyn Johnson testified that the individual from The Decatur Daily who rode with her on her home delivery route would give her instruction and direct her on how to deliver the newspapers. Carolyn Johnson testified that she considered the ride-along with the person from The Decatur Daily and the instruction and direction she received during that ride-along delivering papers on her route to ‘be a form of training.’ ”
(Emphasis added; references to record omitted.) Owen also introduced a training checklist for Carolyn’s route that appears to be very detailed. Moreover, Leon testified that “TVPC was in control of the single copy route” and that “it was his understanding that he had to follow TVPC’s instructions while he was delivering Decatur Daily newspapers.”
In addition, TVPC corporate representative Mike MeKillip testified that TVPC owned the newspaper racks on Carolyn’s route. Carolyn testified that “she was not allowed to deliver Decatur Daily newspapers outside of her assigned geographic route and was restricted to a certain delivery area.” MeKillip testified that subscribers would pay The Decatur Daily in advance for their annual subscriptions and that The Decatur Daily then would pay carriers like Carolyn incrementally. Carolyn also testified that she was required to post a cash bond to secure payments that customers owed to TVPC when she first started delivering newspapers. Finally, Leon testified that he and Carolyn delivered only The Decatur Daily and that “they did not deliver merchandise or goods for anybody else.”
Viewing this evidence in light most favorable to Owen, it appears to me that Owen presented substantial evidence of the existence of a genuine issue as to whether an agency relationship existed and that the issue should have been placed before the jury. Therefore, I respectfully dissent.